Daniel Fitzpatrick, J.
Motion by the third-party defendant State Insurance Fund, pursuant to subdivision 1 of rules 106 and 107 of the Rules of Civil Practice, to dismiss the third-party complaint on the ground that this court does not have jurisdiction of the subject matter and, pursuant to rule 54, to dismiss the third-party impleader process on the ground that the third-party plaintiffs have failed to comply with the requirements of that rule.
While the objection that a third-party plaintiff has failed to comply with the requirements of rule 54 of the Rules of Civil Practice is waived by a voluntary general appearance (Krebs v. Eskay Bldg. Constr. Corp., N. Y. L. J., Feb. 27, 1948, p. 743, col. 5), the joinder of such an in personam objection with one to jurisdiction of the subject matter does not effect such a waiver (Civ. Prac. Act, § 237-a, subd. 2) and the latter objection must be raised by motion under rules 106 or 107 (cf. Kyler v. United States Trotting Assn., 12 A D 2d 874). That the movant has not labeled its appearance as special is of no moment. The substance of the motion, not the label, controls. (Joseph v. Litke, 13 A D 2d 736, 737.) Furthermore, if movant’s objection does go to the subject matter, and on this point this court has some reservations (cf., e.g., Breen v. Mortgage Comm., 285 N. Y. 425), such objection cannot be waived (see Revona Realty Corp. v. Wasserman, 4 A D 2d 444, 447 and cases there cited).
The Fund is an agency of the State (Workmen’s Compensation Law, as amd.; Commissioners of State Ins. Fund v. Lowe, 285 App. Div. 525, 527, affd. 3 N Y 2d 590, 594; Cardinal v. State of New York, 304 N. Y. 400, 405, cert, denied 345 U. S. 918; Skakandy v. State of New York, 274 App. Div. 153, 155, affd. 298 N. Y. 886), which may be sued only in the Court of Claims. True, in Commissioners of State Ins. Fund v. Lowe (supra) the Court of Appeals stated (p. 595) that “ the Fund, while it is not a separate corporation and while it is an agency of the State in one sense, is nevertheless treated by the statutes as a separate insurance business * * * and that, especially in litigations, it is considered to be an entity separate from the State itself.” That statement, however, should, in the opinion of this court, be read in the light of the particular issue presented in that case, i.e., whether a judgment against the State in an action in which the Fund was not a party was, nevertheless, *1092 binding upon the Fund under the doctrines of res judicata or collateral estoppel, the Court of Appeals holding that such a judgment was not. It seems perfectly consistent to hold that the one sense in which the Fund is an agency of the State is the tribunal in which it may be sued.
Accordingly, in the absence of proof by affidavit or document demonstrating that the Fund has submitted itself to the jurisdiction of courts other than the Court of Claims, this motion is granted.
This disposition is, of course, without prejudice to such action as the third-party plaintiffs may be advised to take against the Fund in the Court of Claims at the appropriate time.