Rockwell D. Colaneri, J.
Plaintiff served defendants with a motion for summary judgment in lieu of complaint (CPLR 3213; see, also, UDCA, §§ 1004 and 402). Plaintiff’s affidavit states that the ‘ ‘ instrument for the payment of money only ’ ’ is 36 promissory notes in equal installments of $185.27, and defendants have paid the first note only. Plaintiff demands $6,484.45 together with costs and disbursements of this action.
FACTS
Defendant Joseph Cerabono purchased plaintiff’s restaurant business in the Town of Islip, New York by giving plaintiff a down payment and executing the 36 promissory notes. Defendant counterclaims for (1) the return of his down payment, and (2) rescinding the business agreement and adjudging that the defendants have no liability or obligation to pay for the notes under plaintiff’s claim. Defendant claims that plaintiff misrepresented the financial success of the business, and based upon this misrepresentation, he purchased the business. Defendant Cerabono further claims that he was in no condition, physically or mentally, to understand the nature, purport or effect of the documents or of his act in purchasing the restaurant business. Defendant discovered the “falsity” of plaintiff’s representa *1013 tions after one month of operating the business, and after the first payment. He demanded the return of the down payment and rescinded the agreement.
CONCLUSIONS OF LAW
I.
The term jurisdiction generally means the authority of the court to hear and determine the cause. ‘ ‘ There are two kinds of jurisdiction which the court must have or obtain, in order to render a valid decision or judgment: first, jurisdiction over the subject matter of the suit or proceeding; second, jurisdiction over the parties to the action.” (1 Carmody-Wait 2d, New York Practice, § 2:77). In reverse order, the defendant Cerabono was personally served, and the defendant Jolin Restaurant, Inc. was served by serving the managing agent. The court has “ jurisdiction over the parties to the action ”.
“ Jurisdiction of the subject-matter, is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question.” (Hunt v. Hunt, 72 N. Y. 217, 229.) Another court has remarked that subject-matter jurisdiction “ cannot be conferred upon the court by any consent or stipulation of the parties. The objection * * * may be taken at any stage of the action, and the court may, ex mero motu, at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action.” (Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315, 324; Marony v. Applegate, 266 App. Div. 412; Matter of Esser, 38 Misc 2d 963; Solomon v. Kennedy, 38 Misc 2d 1090; Nowinski v. La Monte, 168 Misc. 586). Furthermore, CPLR 3211 (subd. [e]) permits a party to move to dismiss a cause of action on the ground that the court has not jurisdiction of the subject matter of the cause of action at any time.
Section 202 of UDCA states that the court shall have jurisdiction of actions for the recovery of money where the amount sought does not exceed $6,000. (See, also, N. Y. Const., art. VI, § 16, subd. d.) Section 201 of UDCA states “ the phrase ‘ $6,000 ’, whenever it appears herein, shall be taken to mean ‘ $6,000 exclusive of interest and costs ’ ’ ’. Plaintiff demands $6,484.45 together with costs and disbursements.
Professor Siegel stated, “ If the court itself notices a lack of subject matter jurisdiction, regardless of the means whereby the objection comes to its attention, it need not await a motion by a party. It can dismiss on its own motion.” (McKinney’s *1014 Cons. Laws of K Y., Book 7B, CPLR, 03211:11). The court therefore dismisses the plaintiff’s cause of action.
II.
Defendants interpose a counterclaim demanding judgment (1) rescinding the business agreement; (2) declaring that defendants have no liability or obligation to pay for any of the notes; and (3) that the defendants recover the $6,000 down payment.
CPLR 3213 states that the summons “ shall require the defendant to submit answering papers on the motion ” and does not state whether or not a counterclaim may be interposed. Since this section ‘ ‘ is intended to provide a speedy and effective means of securing a judgment on claims presumptively meritorious ” (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3213.01), one commentator has stated that “as a general proposition we may say that it [counterclaim] would be inconsistent with the purpose of CPLR 3213 to permit the plaintiff’s claim to be held up by a counterclaim which does not itself meet the 3213 criteria ” (McKinney’s Cons. Laws of N. Y., Book 7B, Professor Siegel, Practice Commentaries C3213:17).
Section 208 of the UDCA gives this court jurisdiction over certain counterclaims only and CPLR 3011 states that an answer may include a counterclaim against the plaintiff. CPLR 3019 (subd. [a]) states that a counterclaim may be any cause of action (subject to the limitations of UDCA, § 208).
The conclusion gathered therefrom is that, if a defendant asserts a counterclaim related to plaintiff’s CPLR 3213 motion it should be allowed, but if the defendant asserts a counterclaim on an unrelated matter the court cannot deny it but can order a severance (Ballantine & Sons v. Boston Celtics Basketball Club, 36 A D 2d 914; Ehrlich v. American Moninger Greenhouse Mfg. Corp., 31 A D 2d 922, affd. 26 N Y 2d 255; see, also, Pease & Elliman v. 926 Park Ave. Corp., 17 N Y 2d 890; Nasti Sand Co. v. Almar Landscaping Corp., 57 Misc 2d 550, 554, revd. on other grounds 34 A D 2d 554; cf. Kipp Bros. v. Hartford Acc. & Ind. Co., 63 Misc 2d 788) and grant summary judgment to plaintiff in an appropriate case. However, the motion for summary judgment in lieu of complaint has been dismissed and the defendant is without authority to interpose a counterclaim, since this may be done only through service of an answer and no answer is required. (White v. National Bondholders Corp., 191 Misc. 536, affd. 273 App. Div. 963; Turk v. Jakobsons & Son, 188 Misc. 203.)
*1015 Accordingly, for the reasons stated above, the motion for summary judgment is dismissed, and the counterclaim is likewise dismissed without prejudice.