I. Leo Glasseb, J.
A proceeding was instituted pursuant to section 232 of the Family Court Act praying that an order be made for the education of the child named herein in a suitable institution, namely Bailey Hall, and that the expense thereof be a charge upon the City of New York in accordance with that statute. Notice of the commencement of the proceeding was served upon the Attorney-General of the State of New York and upon the Commissioner of Education of the State of New York, neither of whom appeared.
The only statutory provision which governs this proceeding is section 232 of the Family Court Act which, provides in part as follows:
“§ 232. * * * (a) * * * (1) * * * Whenever. a child within the jurisdiction of the court and under the provisions of this act appears to the court to be in need of special educational training, including transportation, tuition or maintenance * * * a suitable order may be made for the education of such child in its home, a hospital, or- other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or the proper subdivision thereof * * *
“(c) 1 Physically handicapped child ’ means a person under twenty-one years of age ”.
During the course of the proceeding frequent reference was made by the Corporation Counsel to various provisions of the Education Law, with particular emphasis upon sections 4403 and 4407 thereof. Those references were made in connection with his position that in making its determination, the court should consider section 232 of the Family Court Act together with the provisions of the Education Law and any other section of the consolidated and unconsolidated laws of the State of New York which may have a bearing upon the educational needs of handicapped children: At the outset, I wish to state that I reject the validity of that argument and decide that the only relevant statute controlling this court’s determination is section 232 of the Family Court Act together with section 4401 of the Education Law, section 2581 of the Public Health Law and section 556-18.0 of the Administrative Code of the City of New York which amplify the definition of “ physically handicapped.” (See Family Ct. Act § 232, subd. [c]; § 234.)
*519 Section 4403 of the Education Law relates primarily to the sharing of fiscal responsibility between the State and local governments: Section 4407 of the Education Law (generally known as the Greenberg Law) confers upon the State Department of Education. the power to contract for the education of handicapped children to the extent of $2,000 per year for each pupil. Section 232 of the Family Court Act makes no reference to either of those sections nor do those sections have any substantive bearing upon the issues in this proceeding.
It is section 232 of the Family Court Act and that section alone which confers upon this court the power to make the order sought.by the petitioner. That statute, admittedly, is not overlyexplieit in providing touchstones to guide the court. It does provide two and only two criteria: (1) Is the child physically handicapped? (2) Does the child appear to the court to be in need of special educational training, including transportation, tuition or maintenance?
Research has failed to disclose any legislative history which would be helpful in ascertaining what was inténded by the enactment of that statute. The Family Court has been charged with a special responsibility for the lives and well-being of the children of this State. Tt has been given jurisdiction over physically handicapped children. (Family Ct. Act, § 232, subd. [a].) It has been given jurisdiction over abused, neglected, dependent and delinquent children and over children who are in need of supervision. It is the Family Court which each and every day intervenes in the lives of countless children toward the end that they may be permitted to grow and develop into healthy, useful and responsible adults. It is not unreasonable to assume that the Legislature, in enacting section 232 of the Family Court Act vested broad discretion in the Family Court, secure in the belief that this court which is so intimately bound up with the lives of children will exercise its discretion as a concerned and loving parent, wisely and out of an abundance of experience.
Turning to the criteria which have been alluded to, the court finds that the child named herein is under 21 years of age and is a physically handicapped child within the meaning of section 232 of the Family Court Act; section 4401 of the Education Law; section 2581 of the Public Health Law; and section 556-18.0 of the Administrative Code of the City of New York. That finding is compelled by the testimony of the witnesses and by the extensive documentation of his physical handicap contained in the record of the Wassaic State School which was received in evidence as petitioner’s Exhibit 4. That record contains within *520 it, among many other things, the certification by this court on November 25, 1968 that this child was mentally defective.
The court also finds that the child named herein is in need of special educational training, including transportation, tuition and maintenance. That finding is also compelled by the testimony of the witnesses and by the exhibits in evidence, particularly the record of the Wassaic State School. Several observations should be made at this point in connection with this finding:
(1) Section 232 (subd. [a], par. [1]) of the Family Court Act provides that “ whenever a child within the jurisdiction of the court * # * appears to be in need of special educational training ”. I construe the word “ special ” to indicate that the court should find that there is no public facility available to meet "the needs of the child. Any other construction would justify the conclusion that an order could be made under the section if a petitioner contended and the court agreed that a private school was more desirable than or superior to a public school. In finding that this child is in need of special educational training, I am, therefore, also finding that thére is no public facility available to adequately and properly meet the needs of this child.
That finding is based upon the testimony of Mr. Hollis Shaw, Chief of Service at the Wassaic State School, Dr. Howard Weiner, Dr. Martin Breitman and upon the record of the Wassaic State School. Included in that record is a letter to which particular reference will be made. It is a letter dated April 21,1972 by Dr. George F. Etling, Director of the Wassaic State School to Mr. Arnold Goldstein, school psychologist for the Board of Education of the City of New York and it reads, in part:
"■ “ Richard is in need of a stable environment where he can receive the necessary attention and guidance in order to show any improvement at all. Such an environment is needed on a full-time basis.
“ I do not believe that attending a public school will provide Richard with the kind of environment and the amount of supervision and guidance, which he needs. I believe that his needs can, at this time, best be met in a residential setting where both the social and educational training can be provided simultaneously. ’ ’
I find that the need for a stable environment on a full-time basis which was necessary in April, 1972 was still necessary at the time of the hearing. Mr. Hollis Shaw testified that this child *521 was released from Wassaic only upon the understanding that he would attend a residential facility.
(2) Section 232 (subd. [a], par. [1]) provides in part that “ a suitable order may be made for the education of such child in its home * * * or other suitable institution ”. Assuming that the word “ suitable ” requires that the institution be one that is approved by the State Education Department, a question which this court does not decide, Bailey Hall, the institution in question here, has been so approved.
(3) The State Department of Education has not issued a certificate as to the educational needs of this child. (Family Ct. Act, § 232, subd. [a], par. [1].) Such a certification is not a prerequisite for the granting of the petition. (Matter of Daber, 71 Misc 2d 303 [1972].)
This child, prior to his 16th birthday, was adjudicated a juvenile delinquent several times. The acts upon which such adjudications were made are described in the record. The Corporation Counsel has expressed the fear that if this petition were granted, every juvenile delinquent would qualify for Phillips Exeter Academy or the Choate School. That argument is induced by the commendable concern which he feels for the city treasury. If it is not enough to reject the equation which would balance the welfare of children against dollars, I would add that if the sum of $2,425 which is being sought by the petitioner will benefit this child and enable him to live in the community and be self-supporting rather than in a prison or in a mental institution at an infinitely greater annual economic cost, the public fisc will be more than adequately rewarded.
The petition is granted.