In the Matter of MICHAEL A. CLAIRE, a Handicapped Child. RODERICK CLAIRE, His Father, Appellant; CITY OF NEW YORK et al., Respondents.

First Department, May 14, 1974.

*Arthur D. Zinberg* for appellant.

*Adrian P. Burke, Corporation Counsel* (*Ellen Kramer Sawyer* and *L. Kevin Sheridan* of counsel), for respondents.

LUPIANO, J.   This proceeding was brought pursuant to section 232 of the Family Court Act (properly section 234 as the child resides in New York City) to secure an order for payment of tuition, transportation and maintenance costs with respect to a physically handicapped child, for the months of March through August of 1973, who had been placed in a special school. The Family Court allowed only tuition expenses for the period March through June, 1973, stating in its decision: " The Court makes a distinction between Educational Expense and Maintenance Expense, allowing the former but denying the latter as being a proper expense of support for which the petitioning family is responsible ". No reason was given for disallowance of tuition expenses for the months of July and August, 1973.

Jurisdiction over physically handicapped children is given to the Family Court and whenever need of special educational training, including transportation, tuition or maintenance, is shown, that court is empowered to make a suitable order for the education of such child (Family Ct. Act, § 231). With respect to educational service in counties within the State of New York, it is provided that: " after satisfactory proof of the need thereof

the court may make an order for [the child's] (i) maintenance, (ii) transportation, (iii) education, (iv) tuition, and * * * (v) home teaching, or (vi) scholarships " (Family Ct. Act, § 234, subd. [a]). As a physically handicapped child is involved in this proceeding, the Family Court was required to " proceed directly at the time the order for such service is made to inquire into and determine the liability of any [person or persons liable under the law to support such child to pay a part or all of the expense of such service] and may by order require such person to pay part or all of the expense of such service in a lump sum or in such weekly or monthly installments as the court may decide " (Family Ct. Act, § 234, subd. [b]). The order appealed from recognized that educational service was required, but found the costs thereof to be limited to transportation and tuition costs as above indicated.

Patently, maintenance costs are properly includible as an item of educational service, together with tuition and transportation costs. Therefore, any distinction which serves to exclude maintenance costs as a proper expense simply because maintenance costs are not educational expenses, violates the letter and intent of the Family Court Act. Proper procedure requires, upon a showing of need, allowance of maintenance, tuition and transportation costs and, upon consideration of the financial ability of person(s) liable to support the child under the law, a determination of the amount of their contribution which may then be applied to the costs of such service. Scrutiny of the order appealed from in conjunction with the Family Court decision dated October 2, 1973, impels the conclusion that this procedure was not followed. Respondent City of New York concedes under this appeal that the Family Court should not have denied tuition costs for the months of July and August, 1973, and should have allowed the application for maintenance with a determination of the financial ability of the petitioner parent to contribute to such maintenance. The authority of the Family Court to make a " suitable order " whenever a physically handicapped child, within the jurisdiction of the court and under the provisions of the act, appears to be in need of educational service, is not limited by the boundaries of the conventional school year of September through June. The criterion is the special need of the child (Family Ct. Act, §§ 233 and 234). It is noted that the application herein was accompanied by Form HC-3, supplied by the Division for Handicapped Children, New York State Education Department, which form is entitled " Recommendation to the Family Court by School Superintendent, Physician and Psychologist for Education of a Handi-

capped Child ". On this form, special educational services were recommended, together with costs respectively ascribed to and delineated as " Transportation ", " Tuition " and " Maintenance ". Indeed, the necessity for maintenance is set forth as " Residential school placement required ". On this record, it is clear that neither the need for nor the recommended amount of special educational services is disputed by the parties. What is at issue on this record is whether the parents, upon a proper finding of financial ability, may be required to pay all or part of the amount allocatable to maintenance.

A paramount issue was raised at the hearing in Family Court on this application by the petitioner parent's contention that any requirement for contribution is unconstitutional and a violation of the equal protection of the laws under the United States Constitution and the New York State Constitution. Subdivision 1 of section 4401 of the Education Law defines a " handicapped child " as " one who, because of mental, physical or emotional reasons, cannot be educated in regular classes but can benefit by special services and programs ". Responsibility is vested in the State Education Department " to provide within the limits of the appropriations made therefor, home-teaching, transportation, scholarships, in non-residence schools, tuition or maintenance *and* tuition in elementary, secondary, higher, special and technical schools, for handicapped children in whole or in part from funds of the department, *when not otherwise provided,* by parents, guardians, local authorities or by other sources, public or private " (Education Law, § 4403, subd. 1; emphasis supplied). A parent is under a duty to support his child (Family Ct. Act, §§ 413, 414, 416), although it has been aptly observed that parental contribution to the costs of special education for a handicapped child is not mandatory (*Matter of Leitner,* 40 A D 2d 38 [2d Dept., 1972]).

Petitioner challenges the constitutionality of the statute (Family Ct. Act, §§ 232, 234) on the ground that it denied him equal protection of the law because parents of other handicapped youngsters, such as blind and deaf children, are not required to contribute to their support. Denial of equal protection of the law does not occur " ' if the differentiation made [between classes of persons] rests upon some rational consideration and is not palpably arbitrary. " [T]he standards of equal protection * * * are met if a classification, or a definition among classes, has some reasonable basis." (*Matter of Bauch* v. *City of New York,* 21 N Y 2d 599, 607 * * *) ' (*Gleason* v. *Gleason,* 26 N Y 2d 28, 41; see, also, *Bucho Holding Co.* v. *State Rent Comm.,* 11 N Y 2d 469, 477). Although a state ' may not draw

a line which constitutes an invidious discrimination against a particular class ', the United States Supreme Court has said, it ' has broad power when it comes to making classifications ', particularly in social and economic matters, as long as ' the line drawn is a rational one.' (*Levy* v. *Louisiana*, 391 U. S. 68, 71–72; see, also, *Glona* v. *American Guar. Co.*, 391 U. S. 73, 75.) " (*Matter of Jesmer* v. *Dundon*, 29 N Y 2d 5, 9 [1971]). Since there is a rational basis for differentiating between blind and deaf children and children with other type handicaps, no invidious discrimination results (*cf.* Education Law, arts. 85, 87, 88).

Finally, petitioner reiterates his equal protection contention, asserting that it is the duty of the State to provide a free education and, as a consequence, parents of handicapped children, as compared to and contrasted with parents of nonhandicapped children, are discriminated against (see N. Y. Const., art. XI, § 1). It is recognized that a physically handicapped child is one who is or may be expected to be totally or partially incapacitated for education (see *Matter of Seiferth*, 285 App. Div. 221, 224 [4th Dept., 1955]). Accordingly, the *special* educational training suitable for the needs of such a child is provided for within the context of those sections of the Education Law and Family Court Act cited therein. The very nature of this training may well serve as a rational basis for distinguishing it from the common or public school training found within the ambit of section 1 of article XI of the Constitution of the State of New York. Indeed, the valuable right to instruction as guaranteed by section 1 of article XI to *all* children of this State served as the impetus for the promulgation of the statutes delineated above. Patently, there is no constitutional infirmity prohibiting the Family Court from directing the petitioner as one chargeable for the support of the child to contribute to maintenance costs, if he is financially able to do so.

The order, Family Court, Bronx County (Di Carlo, J.), entered September 13, 1973, should be modified, on the law and the facts, to the extent of granting tuition costs for the months of July and August, 1973, thereby increasing the amount allowed for transportation and tuition costs to $2,339.60; reversing so much of said order as denied maintenance costs and remanding the matter for determination of the amount to be charged for maintenance costs and the amount of contribution, if any, to be made by the petitioner to these costs, and as so modified, affirmed, without costs and without disbursements.

Nunez, J. P., Kupferman, Lupiano, Steuer and Tilzer, JJ., concur.

Order, Family Court of the State of New York, entered on September 13, 1973, unanimously modified, on the law and the facts, to the extent of granting tuition costs for the months of July and August, 1973, thereby increasing the amount allowed for transportation and tuition costs to $2,339.60, and reversing so much of said order as denied maintenance costs and remanding the matter for determination of the amount to be charged for maintenance costs and the amount of contribution, if any, to be made by the petitioner to these costs, and as so modified, affirmed, without costs and without disbursements.