In the Matter of CHARILYN " N "*, a Handicapped Child. LLOYD " O "* et al., Her Parents, Appellants; COUNTY OF BROOME, Respondent.

Third Department, November 27, 1974.

*Stearns & Stearns* (*Stephen D. Smyk* of counsel), for appellants.

*John E. Murray* (*Theodore J. Mlynarski, Jr.,* of counsel), for respondent.

MAIN, J. Charilyn is an 11-year-old handicapped child, and the State, pursuant to section 4403 of the Education Law, has previously paid one half of her tuition and maintenance costs at the Camp Hill Special School in Glenmoore, Pennsylvania. By this petition, her parents now seek to have Broome County contribute the remaining half of these costs pursuant to section 232 of the Family Court Act. After the trial court had indicated that its decision in this matter would hinge upon the petitioners' financial ability to pay for their child's special education, the petitioners had no desire to proceed further under the court's standard, and they waived a hearing as to their financial status. Accordingly, the petition was dismissed and this appeal followed.

The sole question presented for our decision is whether, pursuant to section 232 of the Family Court Act, the parents of a handicapped child may be required to pay, according to their financial means, for the educational expenses of their child. We hold that they may be so required.

---

* Names are fictitious for purpose of publication.

While conceding that the 1964 amendment to section 232 of the Family Court Act (L. 1964, ch. 253, § 6) lacks the provision which theretofore authorized the Family Court to require parents to pay all or a part of their children's educational expenses, we deem this omission to be a legislative oversight. Any other interpretation would, in effect, require parental contributions in New York City, pursuant to section 234 of the Family Court Act, while exempting parents elsewhere in the State, and such an anomalous result would be in clear violation of the equal protection clauses of both the New York and the United States Constitutions.

Furthermore, the statute in question here deals with both educational and medical services for handicapped children, and a reading of the Governor's memorandum, submitted upon his approval of the 1964 amendment, clearly establishes that the purpose of that enactment was to foster " quicker and better care for thousands of afflicted children " by transferring the responsibility for authorizing *medical* services for these children from the Family Court Judges to the local health officers (McKinney's 1964 Session Laws of N. Y., Governor's Memorandum, pp. 1955, 1956). Significantly, this document, which is strongly indicative of legislative intent, makes no mention whatsoever of any change in the statute's provisions relating to *educational* services. Had the radical change proposed by petitioners for the financing of these services been intended by the Legislature, mention thereof would certainly have been included in the Governor's memorandum.

The order should be affirmed, without costs.

HERLIHY, P. J., SWEENEY, KANE and REYNOLDS, JJ., concur.

Order affirmed, without costs.