Simeon Golar, J.
Petitioner seeks an order pursuant to section 232 of the Family Court Act requiring the City of New York pay for the 1974-1975 school year, the tuition in excess of $2,500 State aid for the education of her child, Joseph, at the Summit School, a privately-run school for emotionally-disturbed and other handicapped children, located in Queens County. The City of New York has appeared in the proceeding and has consented to the granting of the relief requested. Section 232 (subd [a], par [1]) of the Family Court Act states that: "In the case of a physically handicapped child, the court may accept the certificate of the state department of education as to his educational needs * * * Whenever a child within the jurisdiction of the court and under the provisions of this act appears to the court to be in need of special educational training, including transportation, tuition or maintenance, and, except for children with retarded mental development, home teaching and scholarships, a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or the proper subdivision thereof wherein the child is domiciled.”
The statute, at subdivision (c) defines "physically handicapped child” as follows: " 'Physically handicapped child’ means a person under twenty-one years of age who, by reason of a physical defect or infirmity, whether congenital or acquired by accident, injury or disease, is or may be expected to be totally or partially incapacitated for education or for remunerative occupation, as provided in the education law, or is physically handicapped, as provided in section two thousand five hundred eighty-one of the public health law.”
It may be useful to note here, also, that the Public Health Law defines "physically handicapped children” as similarly (§ 2581): " 'Physically handicapped children’ means any persons under twenty-one years of age who are handicapped by reason of a defect or disability, whether congenital or acquired *154 by accident, injury, or disease, or who are suffering from long-term disease, including, but without limiting the generality of the foregoing, cystic fibrosis, muscular dystrophy, nephrosis, rheumatic fever and rheumatic heart disease, blood dyscrasies, cancer, brain injured, and chronic asthma, or from any disease or condition likely to result in a handicap in the absence of treatment, provided, however, no child shall be deprived of a service under the provisions of this chapter solely because of the degree of mental retardation.”
The petition alleges upon information and belief that the subject child is a physically handicapped child as defined in section 232 of the Family Court Act, section 556-18.0 of the Administrative Code of the City of New York, and section 4401 of the Education Law "in that the said child suffers from schizophrenia, childhood type.” A "certificate and recommendation of physician and psychologist” in support of the petition states that "Examination shows shy, withdrawn, passive youngster with periods of delusional thinking, unreal feelings and extreem [sic]pressure and anxiety leading to depression.” It is customary in such proceedings in the City of New York for the petitioner to offer in support a letter which states (for a prior school year) "Our records indicate that we were not able to offer an adequate educational facility for the above-named child”; or (for the current school year) "The Board of Education of the City of New York is unable at this time to provide an adequate educational facility for this child.”
No such verification of the unavailability of an appropriate public school facility for the subject child is offered in support of the instant petition; but, instead a letter from the board of education is annexed to the petition which states: The above named received financial benefits under the provisions of § 4407 of the Education Law during the 1973-74 school year. As per the regulations of the Commissioner, this child automatically received such benefits for the 1974-1975 school year.
It should be pointed out that section 4407 of the state Education Law provides financial benefits for "handicapped children” without the limitation "physically handicapped” set out in section 232 of the Family Court Act authorizing orders on the City of New York and other political subdivisions of the State. The Education Law defines "handicapped child” as follows (§ 4401): "A 'handicapped child’ is one who, because of mental, physical or emotional reasons, cannot be educated in regular classes but can benefit by special services and pro *155 grams to include, but not limited to, transportation, the payment of tuition to boards of cooperative educational services and public school districts, home teaching, special classes, special teachers, and resource rooms.”
The broad question presented is whether mentally ill and/or emotionally disturbed children come within the scope of the coverage of section 232 and whether such children can be defined as "physically handicapped” for the purposes of the statute, absent a showing of some degree of physical impairment, however slight. The further question is presented as to whether the petition should not be denied in view of the absence of any showing that the city board of education cannot provide a suitable facility for the child. Then, finally, there is the question of the effect of the City of New York’s "consent” to the granting of the petition.
To take the third and easiest question first, it is clear that a party to an action or proceeding cannot by consent confer subject-matter jurisdiction upon the court where it would not otherwise exist. (Robinson v Oceanic Steam Nav. Co., 112 NY 315; Wildeb Rest. v Jolin Rest, 69 Misc 2d 1012.) The statute grants relief to "physically handicapped” children. Thus, here the court must find as a prerequisite to the granting of the requested relief that the child before it, comes within the statutory meaning of physically handicapped. The Family Court cannot grant an order for the education of any child, on consent, irrespective of his condition.
Universal public education for every child has long been a proud boast of American society. New York State has been a leader in this regard, and where a child was unable to benefit by the ordinary public school education, special provision was made, such as special aid to deaf and blind children (Education Law, § 4209); and thereafter aid was extended to other physically handicapped children, (Family Ct. Act, § 232), and to the mentally retarded (Family Ct. Act, § 231).
Recent amendment to the State Education Law now extends certain State educational benefits to handicapped children generally, instead of limiting such aid to physically handicapped children. This has been accomplished by amending the statute by deleting the words "physical” and "physically” preceding all references to "handicap” or "handicapped”. However, while section 232 of the Family Court Act has been amended from time to time, the Legislature has not yet seen fit to amend its provisions to provide that Family Court *156 Judges may order payment by a city or county for the special education of all handicapped children, as distinguished from those who are physically handicapped.
Even so, the courts have been quite generous in their interpretation of the statute. (See, for example, Matter of James B. 75 Misc 2d 1012, where the diagnosis was " 'schizophrenia, childhood type’ ” with " 'some autistic components.’ ” See, also, Matter of Leitner, 38 AD2d 554, same case, 40 AD2d 38, where petitioner’s handicapped son was "an autistic infant, twelve years old, suffering from a type of schizophrenia with likelihood of organic substrata.”) It should be noted that, according to medical authority (Bernard Rimland, Infantile Autism, New York, Appleton-Century-Crofts-Meredith Corporation, 1964), a child who suffers from autism, i.e., profound withdrawal from the environment, suffers from an organically rooted condition. Modern medical theory holds that autism results from damage to the reticular formation, that part of the brain which makes recognition and interpretation of sensory information possible. Thus the child in both James B. (supra) and Leitner (supra) had a physical handicap, a handicap that was organically rooted, or, to use the language of the Appellate Division in Leitner, had a handicap involving "organic substrata”.
It is clear, however, that the class of children sought to be aided by the Legislature under section 232, as "physically handicapped” does not yet include every child who may be suffering from any handicap whatsoever. If the Legislature had intended that result, it would not have qualified and defined the class of children covered as physically handicapped; and, having done so, it would have subsequently amended the Family Court Act as it did the Education Law to extend coverage to all "handicapped children” (Education Law, § 4401).
This court finds that it is the legislative intent to provide special educational services under section 232 only to those children who are physically handicapped, i.e., handicapped "by reason of a physical defect or infirmity” (Family Ct. Act, § 232, subd [c]). In the instant case, there is no showing that the child has any physical infirmity. The certification of the physician does not indicate that any of the child’s problems are attributable to brain injury, brain dysfunction, neurological impairment, faulty body chemistry, or to any other organic condition. Further, there is no showing that the board of *157 education cannot make ample provision for the child within the public school system. Accordingly, the petition is denied with leave to reapply upon a showing of physical handicap within the meaning of the statute, and further certification that the board of education cannot furnish a suitable educational facility for this child.