Leon Deutsch, J.
The petitioner prays for an order pursuant to section 232 of the Family Court Act awarding the difference between tuition for the 1973-1974 school year and the amount granted in State aid under section 4407 of the Education Law for the furnishing of special educational services to a "handicapped” child.
The State Education Department through its Division for Handicapped Children Services approved the child for State aid pursuant to section 4407 of the Education Law. The Board of Education of the City of New York issued the so-called "Feulner” letter wherein it is stated that the Board of Educa *1022 tion is "unable at this time to provide an adequate educational facility for the child.”
The case is submitted to the court on two issues:
(1) The respondent City of New York contends that petition fails to spell out a "physically handicapped” child within the meaning of section 232 of the Family Court Act and that the petition must, therefore, be denied.
(2) The petitioner, in behalf of the child, contends that the respondent City of New York, having on a prior occasion, consented to such an award for a subsequent year (the 1974-1975 school year), is now concluded and bound by the prior consent and order. The petitioner argues that the prior order, albeit for a subsequent year, is res judicata or a consent and waiver.
The determination of the first issue, by stipulation between parties and counsel, has been deferred pending an evidentiary hearing, provided that the court rules against the petitioner, if it does, on the question of law raised by the second issue with which the court will hereinafter deal.
As stated, it is alleged by the petitioner that the 1974-1975 school year grant, pursuant to a section 232 of the Family Court Act order is res judicata for the late filed 1973-1974 school year application. Such contention is erroneous. By its very definition, the principle of res judicata is inapplicable to orders made in prior years. The rule of res judicata is that parties are concluded in all later suits or points and matters determined in a former suit where there is an identity of issues. (America S. S. Co. v Wickwire Spencer Steel Co., 8 F Supp 562.) There can be no such thing as retroactive res judicata; that is a contradiction in terms.
Nor would a grant or order in prior years be res judicata for a subsequent year. First, because of the changing nature of medical infirmities, or at least, the possibility of a change in the facts and circumstances of a medical or physical condition. Hence, in the context of this kind of application, and this kind of case, and in applying the rule thereto, it may be readily seen that there is never a precise identity of issues from year to year. Second, because the approval of aid by the State of New York is specifically not continued from year to year, and parents are required to seek and apply for aid yearly.
The very same reasons as above stated which make the principle of res judicata inapplicable, logically make the prin *1023 eiple of consent and waiver similarly inapplicable. There can be no implied consent and no waiver where the petitioner is required to file de novo each year, and where the potential exists for change in circumstance, year by year, as it does, in medical or physical conditions.
Furthermore, even if there were an actual consent in the instant case, which there is not, it would be inoperative, unless the court found that it had jurisdiction to make an order. As the court said in Matter of Joseph S. (81 Misc 2d 152, 155): "Thus, here the court must find as a prerequisite to the granting of the requested relief that the child before it, comes within the statutory meaning of physically handicapped. The Family Court cannot grant an order for the education of any child on consent, irrespective of his condition.” (Emphasis supplied.)
The court rules, therefore, that neither the principle of res judicata nor that of consent and waiver apply to the instant case, and the application of the petitioner that the court sign an order pursuant to section 232 of the Family Court Act on those grounds, is denied.
Accordingly, pursuant to the agreement between the parties, the matter is set down for a hearing before me on the question of whether the petition spells out a "physically handicapped” child within the purview of section 232 of the Family Court Act, on January 22, 1975, at 10:00 a.m.