Frederick D. Dugan, J.
Upon the hearing of this petition for payment of the educational expenses of a physically handi *311 capped child pursuant to section 232 of the Family Court Act, the court made a finding of fact and granted an order that those expenses be a charge on and paid by the respondent County of Monroe.
The respondent county requests recovery against the respondent Spencerport School District for the full amount of the expenses ordered.
Both the County of Monroe and the Spencerport School District answered, appeared herein and participated in the hearing. The Commissioner of Education and the Attorney-General of the State of New York were served but did not appear herein.
The court made findings of fact that during the spring and summer of 1974 there were contacts between the child’s parents and the Spencerport School District specifically involving an application by those parents for the expenses of transporting the child for education at the Ordway School, a private school. The reports of pediatricians, psychologists and educators who had dealt with the child were submitted to the district and members of the school staff interviewed the parents and the child.
The parents’ application for transportation was denied by the school district and a plan for the child’s education communicated to the parents which rejected the handicapped educational programs available in the Board of Co-Operative Education facilities available in that district and proposed that the child participate in a regular kindergarten class with approximately 25 students in the Spencerport school or in certain elements of the kindergarten program to be determined on the basis of the child’s participation in the regular kindergarten program.
The court further found that the plan of the district for this child’s education did not meet the needs of the child, age five, who had a seizure disorder with an organic basis resulting in a lack of visual discrimination, fine motor control and visual memory. These disabilities were caused by a physical defect or informity which totally incapacitated the child for education in a normal educational program. The child did not have impulse control, was hyperactive, had limited eye control and did not learn from other children, so that he required instruction in a small group of less than 10 pupils with substantial individual attention.
The child and his parents resided in the Spencerport School *312 District in the County of Monroe, New York, during the year 1974-1975 when the parents transported the child to and from the Ordway School which had an appropriate and suitable educational program. The reasonable value and expense of the child’s transportation was $1,233.38 and the cost or expense for tuition at that school paid by the petitioner father was $3,500, a total expenditure of $4,733.38 approved by the court, audited and ordered to be a charge upon the County of Monroe. (Matter of Claire, 44 AD2d 407, mot for lv to app dsmd 35 NY2d 706; Matter of Logel, 78 Misc 2d 394.)
Under section 232 of the Family Court Act (subd [a], par [1]) these expenses are "a charge upon the county or a proper subdivision thereof’. That statute does not mention a school district which, of course, is not a subdivision of a county. (Matter of Carl G., 78 Misc 2d 453.)
That section authorizes the court to accept a certificate of the State Department of Education as to the educational needs of a physically handicapped child but no such certificate was here presented apparently because the school district had rejected both the parents plan and the BOCE’s facility and proposed the use of the regular kindergarten or some variation of that program.
Here we have a curious confrontation: the school district rejects the parents’ requests for the educational needs of their handicapped child which were not submitted to the State Department of Education, so the parents must petition the Family Court to charge the expenses against the county. Failing agreement between the parents and the school district on the child’s needs, in the complex network of communications and approvals for sharing the expenses between the county, the State and the school district, do these parents lack a forum of competent jurisdiction for relief?
Clearly, section 232 of the Family Court Act gives the Family Court jurisdiction to order the educational needs of physically handicapped children. The permissive authorization for the court to accept the certificate of the State Department of Education as to the educational needs is merely a facility to circumvent the need for extended proof, as here, in each case. (Matter of Richard C., 75 Misc 2d 517.)
What are the county’s rights or claims of contribution or recovery from the school district and may they be determined and ordered in this proceeding?
Section 4403 of the Education Law contemplates procedures *313 in Family Court for the cost of educational services. It (subd 1), specifically provides that when the Family Court issues an order for education of a handicapped child, the Commissioner of Education "if he approves such order” shall issue a certificate to such effect in duplicate, one to be filed with the county and the other with the office of the Commissioner of Education.
That statute then directs that one half of the cost of providing such educational expense certified by the commissioner is made a charge against the county in which the handicapped child resides, the remaining one half of the cost to be paid by the State. All claims for such expense shall be paid in the first instance by the county upon vouchers presented and audited in the same manner as other claims against the county. (Matter of Leitner, 40 AD2d 38.)
Under subdivision 3 of section 4403 of the Education Law, a county which has paid such a claim is required to send a certified statement to the Commissioner of Education stating the amount and detail of the expenditure. The commissioner is directed to examine the same and if such expenditures were made as required by law, he shall approve it and transmit it to the Comptroller for audit and warrant for payment of one half of the expenses to the county.
It is manifest that both section 232 of the Family Court Act and section 4403 of the Education Law contemplate the payment of ordered educational expenses of handicapped children by the county in the first instance. There is no reference or inclusion of the school district in the mandated procedures.
Contribution by a school district to the State is contemplated in section 4407 of the Education Law dealing with instruction of handicapped children. When such a child is not receiving instruction because there are no adequate public facilities for his instruction within the State, the Department of Education may determine and authorize his instruction in a private educational facility with the contribution not to exceed $2,500 per year. The school district in which such a child resides is required to reimburse the State in an amount determined by the school district’s operating expense and State aid.
Thus, any reimbursements to which the county is entitled or may make claim are conditioned upon the county’s paying the expenses and certain determinations prospectively to be made by the commissioner or Department of Education. The *314 Family Court order under section 232 of the Family Court Act would be a condition precedent to any right or claim of the county.
No such right or claim by the county directly against the school district is authorized or contemplated in this statutory pattern. (Matter of Jetty, 79 Misc 2d 198.)
The county may complain that the school district’s insistence upon enrolling the child in their school program prevented the State Department of Education considering the child’s educational needs and might frustrate the county’s recovery of one half of these expenses. Or that the school district’s rejection of the BOCE’s program for this child resulted in a greater expense being charged to the county. It is true that the county has no participation in the decisions of the school district or the Department of Education.
But both complaints are speculative until the Family Court order has been submitted to the Commissioner of Education for his approval.
It is held that the respondent county has no rights or claims of recovery which could be heard, tried or determined in these proceedings under section 232 of the Family Court Act. The order herein for the educational expenses of this handicapped child charged upon and to be paid by the respondent county shall provide that any prospective right or claim of the respondent county to payment, contribution, reimbursement or indemnification by the State of New York or the Spencer-port School District is reserved to the County of Monroe.