■ In the Matter of RICHARD G., a Handicapped Child, Respondent. CITY OF NEW YORK, Appellant.—In a proceeding to provide for the education of a handicapped child, the City of New York appeals, as limited by its brief, from so much of an order of the Family Court, Queens County, dated April 1, 1975, as, after a hearing, directed it to pay the "tuition" for a summer

program. Order reversed insofar as appealed from, without costs or disbursements, and proceeding remitted to the Family Court for a further hearing in accordance herewith. Petitioner's 10-year-old child, who has been certified as physically handicapped, attended a residential school from September, 1973 through June, 1974. During July and August, 1974 he resided at home and attended a special summer camp program. After a hearing the Family Court, *inter alia,* ordered the City of New York to reimburse petitioner for the tuition at the school and for the child's participation in the summer camp program *(Matter of Stein,*\*, 81 Misc 2d 91). The appeal by the city is limited to that portion of the order which provides for reimbursement of the cost of the summer camp program. The father's ability to provide for the child's maintenance was stipulated to at the hearing. Where the needs of the child dictate, the Family Court has the authority to order that educational services be provided during the months of July and August, as well as during the traditional school year (cf. *Matter of Wonsor [City of N. Y.],* 35 NY2d 701; *Matter of Claire,* 44 AD2d 407, mot for lv to app dsmd 35 NY2d 706). However, on the record on this appeal, it is not clear whether the child in question required educational services during the summer, whether the summer camp provides educational services, whether the goals set for the child in the individual treatment plan were per se educational or necessary to his education, or whether his education would have regressed had he not participated in the summer program. A further hearing is therefore required to permit the petitioner to introduce additional evidence that the summer program was in fact necessary to the child's education. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

---

\* The Family Court assigned a fictitious name to the petitioner.