J. George Follett, J.
This concerns a petition for approval of the expense of transporting a handicapped child for special educational services under section 232 of the Family Court Act. The Commissioner of Education was not placed on notice of the proceeding for the reason that the State Education Department had issued its preapproval of the petition. Nor was the Attorney-General notified as that office has advised that it has no intention of appearing in section 232 proceedings unless specifically requested concerning constitutional issues. The Enlarged Ogdensburg School District was placed on notice, but by letter , under date of May 11, 1976 from its attorney the court was advised that it would not appear at the trial of this proceeding.
Testimony adduced at the hearing indicates that this young man suffers from a behavioral disorder of childhood and has *375 certain learning disabilities which limit his ability to enter into the normal classroom situation. His early school experience was most traumatic and unsuccessful. Repeated efforts were made on the part of the Enlarged Ogdensburg City School District and St. Mary’s Parochial School in Ogdensburg to place the young man in a suitable academic program. Most of these efforts ended in failure. Finally in the fall of 1973, with the approval of the school district, the child was placed in the Campus School at the State University of New York at Potsdam where he has attended ever since. Applications for transportation expense were processed under section 232 of the Family Court Act for the school years 1973-1974 and 1974-1975. Those applications were approved by the Superintendent of the Enlarged Ogdensburg City School District, by the State Education Department and by the Office for Handicapped Children for the County of St. Lawrence. Consequently, no hearing was required and an order of approval was entered for each year ex parte.
A similar petition was submitted for the 1975-1976 school year. The State Education Department issued an approval notice subject to court approval. Initially the Superintendent of the Enlarged Ogdensburg City School District recommended the continuation in the special program. However, the Director of the Handicapped Children’s Program for St. Lawrence County opposed the application. Thereafter, the Committee of the Handicapped of the Enlarged Ogdensburg City School District recommended that transportation not be approved and instead that the child be enrolled in a special class within the city school district. As a consequence, the superintendent of schools indicated his withdrawal of his recommendation of the application for transportation expense for the current school year. The parents have nevertheless continued to provide transportation and now seek approval of the petition in order to obtain reimbursement.
Several questions require decision. The first concerns the definition of the term, "physically handicapped,” contained in section 232 of the Fmaily Court Act. There is no evidence that this child’s handicap has a physical origin. Three recent Family Court decisions have held that absent a physical basis for the handicap, Family Court has no jurisdiction to issue an order under section 232 of the Family Court Act. (Matter of Joseph S., 81 Misc 2d 152; Matter of Mecca, 82 Misc 2d 497; Matter of Amy Lee O., 84 Misc 2d 1021.) These cases rely *376 upon an amendment to the Education Law which deleted the word, physical, from the definition of a handicapped child (Education Law, § 4401) without a concomitant change in the definition contained in section 232 of the Family Court Act. Those cases interpreted that change to mean that a physical genesis for the handicap was a prerequisite for Family Court jurisdiction under section 232.
However, further analysis of this legislative change was made in Matter of Jessup (85 Misc 2d 575). There, Judge Shea concludes that it was legislative oversight not to conform the Family Court section with the change in the Education Law. Judge Shea’s forceful argument is adopted by this court. Therefore, the absence of any physical cause for the handicaps carried by the infant in this proceeding is deemed to be of no consequence.
The next issue to be resolved concerns the retraction by the school superintendent of his recommendation favoring transportation. The standard practice in petitions before the Family Court for approval of educational services for handicapped children is to file with the petition, form HC-2, a second form, HC-3, containing a recommendation by the school superintendent, physician and psychologist. These forms were apparently promulgated by the New York State Department of Education and are believed to be used generally throughout the State. However, they are not official forms of the Family Court nor is any particular form of petition or supporting documents required in section 232 of the Family Court Act. Nor does the section require a favorable recommendation by a school superintendent, physician or psychologist. (Matter of Daber, 71 Misc 2d 303; Matter of Richard C., 75 Misc 2d 517; Matter of David C., 85 Misc 2d 310.)
Furthermore, in this case, the superintendent of schools recommended the transportation program for three successive years, and it was not until midway in the third year that the recommendation was retracted. Admittedly, the court is not bound by its prior approval. (Matter of Amy Lee O., 84 Misc 2d 1021, supra.) However, where a course of education instruction has been undertaken which, as here, seems to benefit the child, that course of instruction should not be interrupted without some compelling proof that an alternative program at least equal to or better suited to the child’s needs is available. Here the only proof on that issue is the recommendation of the committee on handicapped children of the school district *377 which advises that the child should be enrolled in one of its new special education classes. Testimony adduced at the trial shows that the adjustment of this child at the Potsdam school is tenuous enough without attempting to introduce him into a new program absent proof that such a program will meet his particular needs. There is no such proof in this case.
A further issue in this proceeding concerns the county’s request that the court direct that the school district rather than the county reimburse the parents for the expense of transportation under section 232 of the Family Court Act.
Prior to 1974, section 4405 of the Education Law authorized the Commissioner of Education to prescribe a reasonable distance that the commissioner would require a school district to provide transportation for a handicapped child. That distance was established at 20 miles. Section 4405 was repealed by chapter 241 of the Laws of 1974, effective July 1, 1974. The State-aid formula formerly contained in section 4405 was transferred to section 3602 of the Education Law. No language was written into the amendment to section 3602 authorizing the commissioner to establish a reasonable distance beyond which school districts would not receive State-aid reimbursement. Consequently, the school district is entitled to 90% State reimbursement for any funds paid for the transportation of this or any other child. This was so held by the New York State Commissioner of Education in Matter of Shepis (15 Ed Dept Rep —, [Feb. 24, 1976]). That case involved an appeal by the parents against the school district to the Commissioner of Education to require the school district to reimburse the parents for the cost of transporting a handicapped child a distance greater than 20 miles. The commissioner so ordered.
The same conclusion was reached in Matter of Sharkey (84 Misc 2d 655). There, however, the court dismissed the petition finding that section 232 of the Family Court Act was inapplicable where the statutory scheme in the Education Law mandated the obligation upon the school district as distinct from language in section 232 which authorizes the court to charge the "county or the proper subdivisions thereof’ and section 4403 of the Education Law which directs the State to reimburse the county for one half of the cost. The court in the Sharkey case in dismissing the section 232 petition noted (p 661) the possible "vicious cycle” which the parents could find themselves in having to bear "either the costs of education or the time and expense of a proceeding under CPLR article 78.” *378 The court then concludes that if the issue is not resolved as agreed by the school district, application could be made to the Family Court under section 255 of the Family Court Act presumably to compel the school district to pay for the cost of transportation.
With this procedure, I must respectfully disagree. If the petition in this court were likewise dismissed, the parents would be left in the position of having to commence a new proceeding to accomplish that which section 232 states is the Family Court’s obligation; namely, making a "suitable order” for the transportation of a handicapped child requiring special education training. Furthermore, in a given case, the parents of a child could find themselves making application to the Family Court for tuition and maintenance but having to petition the Commissioner of Education or commence a CPLR article 78 proceeding to obtain transportation. It does not seem that the repeal of section 4405 of the Education Law should be interpreted to repeal by inference that part of section 232 which authorizes the court to make a "suitable order”. Rather, the more sensible interpretation is that the Legislature has determined that the cost of transportation should be a charge upon the school district thereby making the school district a "proper subdivision” under section 232 of the Family Court Act.
The Sharkey decision (supra, p 658) in noting that "in no event does it appear that a local school district is subject to an order under section 232”, relies upon Matter of Silver (79 Misc 2d 247). It is interesting to note that Matter of Silver was decided within a month after the repeal of section 4405 of the Education Law and no reference to the problem at hand was made in that case. "It is not unreasonable to assume that the Legislature, in enacting section 232 of the Family Court Act vested broad discretion in the Family Court, secure in the belief that this court which is so intimately bound up with the lives of children will exercise its discretion as a concerned and loving parent, wisely and out of an abundance of experience.” (Matter of Richard C., 75 Misc 2d 517, 519.) Nor is it unreasonable to assume that the Legislature intended the Family Court to continue its long-standing jurisdiction over transportation of handicapped children for special education even though the payment therefor has been shifted to the school district in the first instance. Thus, the Enlarged Ogdensburg City School District is considered a "proper subdivision” under *379 section 232 of the Family Court Act for the purpose of ordering transportation of this handicapped child and a "suitable order” against the school district is appropriate.
Two final questions require comment. The county denied the allegation in the HC-2 petition that the parent was "wholly unable to pay for the necessary education of this child.” The issue of parental contribution which has been frequently litigated in Family Court has now been laid to rest in Matter of Levy (38 NY2d 653, 658) where the Court of Appeals stated "It is not disputed under our State’s education program the parents of all handicapped children have no responsibility for either tuition or transportation expense.” Reimbursement from parents of handicapped children has been limited to contribution to the maintenance portion of such a child’s special education providing the child is not blind or deaf.
The last question remaining relates to the amount of the reimbursement which should be ordered. A question as to the reasonableness of the charge was raised by the county early in this proceeding. The court has authority to determine the reasonableness of the charge for special educational needs of handicapped children. (Matter of Butcher, 82 Misc 2d 666.) An order is entered in this case at a daily reimbursement rate of $15.60 in accordance with the HC-3 form attached to the petition for the actual number of days the child attended the special school. However, since the Enlarged Ogdensburg City School District did not appear, it is given 30 days from the date the order is filed to petition to reopen and request a further hearing on the reasonableness of that amount.