Charles R. Thom, J.
This is an action for a declaratory judgment brought to determine the infant plaintiff’s right to transportation at public expense to a special school for emotionally disturbed children, located in Suffolk County. The matter was submitted to the court upon an agreed state of facts, which are summarized as follows:
The infant plaintiff, seven years of age, has attended the Suffolk Center for Emotionally Disturbed Children, Inc., at Westhampton Beach, New York, a distance of more than 20 miles from his home at Wainscott, New York. Since 1954, the County of Suffolk has appropriated funds for the transportation of physically handicapped children to special schools, where any such school is located ¡a distance of more than 20 miles from a physically handicapped child’s home, and the procedure for handling applications for this program has been established, involving the various school districts, the county, and the Family Court. However, the transportation program has not been extended to emotionally disturbed children.
Under the opinions of the Commissioner of Education of the State of New York, the defendant Common School District No. 10, is responsible for paying the cost of transportation where the distance involved is less than 20 miles. (Matter of Appeal of Leona Perkins, 2 Educ. Dept. Rep. 77 ; Matter of Appeal of Leo Goldstein, 6 Educ. Dept. Rep. 17.)
The issue presented in this action, therefore, is whether or not the County of Suffolk must appropriate funds for the transportation of an emotionally disturbed child for education at a special school pursuant to the applicable sections of the Education Law of the State of New York, where the distance between the child’s home and the special school exceeds 20 miles.
Article 89 of the Education Law of the State of New York contains the following sections which are applicable in this action:
“ § 4401. Definitions. 1. A ‘ handicapped child ’ is one who, because of mental, physical or emotional reasons, cannot be educated in regular classes but can benefit by special services and *928 programs to include, but not limited to, transportation, the payment of tuition to boards of cooperative educational services and public school districts, home teaching, special classes, special teachers, and resource rooms. ’ ’
§ 4403. Procedure through family court; cost of educational services.
“ 1. The state education department shall have the power and duty to provide within the limits of the appropriations made therefor, home-teaching, transportation, scholarships in non-residence schools, tuition or maintenance and tuition in elementary, secondary, higher, special and technical schools, for handicapped children in whole or in part from funds of the department, when not otherwise provided by parents, guardians, local authorities or by other sources, public or private. When the family court, or the board of education >of the city of New York, shall issue an order to provide for the education, including home-teaching, transportation, scholarships, tuition or maintenance, of any handicapped child the commissioner of education, if he approves such order, shall issue a certificate to such effect in duplicate, one of which shall be filed with the clerk of the board of supervisors or other governing elective body of the county or chief fiscal officer of a city and one in the office of the commissioner of education.
“ 2. One-half of the cost of providing home-teaching, transportation, scholarships in non-residence schools, tuition and maintenance, as provided in subdivision one of this section, as certified by the commissioner of education, is hereby made a charge against the county or city in which any such handicapped child resides, and the remaining one-half of the cost thereof shall be paid by the state out of moneys appropriated therefor. ’ ’
Section 4401, above, clearly indicates that an emotionally disturbed child comes within the meaning of a “ handicapped child.” The position taken by the County of Suffolk, that it will appropriate funds for the transportation of a physically handicapped child to a special school where the distance involved is more than 20 miles, but not for an emotionally disturbed child, is untenable. Such a distinction is contrary to the above provisions of the Education Law, is discriminatory, and constitutes a denial of plaintiff’s right to “ equal protection of the laws.” (N. Y. Const., art. I, •§ 11; U. S. Const, 14th Arndt.).
The court, therefore, awards judgment in favor of plaintiff and against the defendant county of Suffolk, and declares that pursuant to the applicable provisions of the Education Law of the State of New York as cited above, the County of Suffolk *929 is responsible for its proportionate share of the cost of transportation of the plaintiff herein, and is under the duty to appropriate the necessary funds for the same, upon plaintiff’s making the appropriate application through the Family Court of the County of Suffolk.
The complaint is dismissed as against the defendant school district, since the responsibility in this instance lies with the County of Suffolk.