■ In the Matter of MARC H. LEITNER. JOSEPH LEITNER, Respondent; COUNTY OF WESTCHESTER, Appellant.— This proceeding was instituted in the Family Court, Westchester County, pursuant to section 4403 of the Education Law, originally as a nonadversary proceeding, for an order providing for the education of petitioner's handicapped son, Marc H. Leitner, an autistic infant 12 years old, suffering from a type of schizophrenia with likelihood of organic substrata. Over petitioner's objection the County of Westchester was permitted to participate in the Family Court hearing on the petition. The appeal is by the County of Westchester from an order of the said court dated June 24, 1971, which, *inter alia*, directed that petitioner's handicapped son be furnished education as recommended by Anthony Campo, Superintendent of Schools, Board of Education, U. F. S. D. No. 4, Town of Greenburgh, New York, in Harmony Hills School, State of Rhode Island, for a period of 52 weeks at a rate of $240 per week, the total cost not to exceed $12,500, to be charged to Westchester County and/or the appropriate school district or city. Order reversed, on the law, without costs, and proceeding remanded to the Family Court for a new hearing upon notice to the Attorney-General, the Commissioner of Education and the appropriate county and municipal authorities. At the hearing testimony should be taken with reference to the availability and expenses of suitable educational facilities within the State of New York capable of providing for the educational needs of the handicapped child in question, with attention given to section 4403 (subds. 1, 2) and section 4407 of the Education Law. The ques-

tions of fact have not been considered on this appeal. We hold that the Family Court has original jurisdiction over physically handicapped and mentally defective or retarded children pursuant to section 115 (subd. [b]) and section 232 of the Family Court Act and that the Family Court's order in the instant case was final and therefore appealable. However, the order should not have been made without a hearing upon notice to the Attorney-General, the Commissioner of Education and the appropriate county and municipal authorities. Latham, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.