Robert H. Wagner, J.
A petition for educational aid for Susan Ann Jetty was filed in this court by her mother, Agnes M. Jetty. Susan is currently receiving her education at Gra-Mar on the Lake in Geneva, Ñew York. The request is for educational aid and maintenance for the period September 4, 1973 through September 3, 1974.
Service was had on the Attorney-General of the State of New York, the New York State Department of Education, the County of Monroe, and the Penfield School District (the local district in which Susan Ann Jetty resides). Only the County of MonrOe appeared. In lieu of an appearance, the State Education Department approved the application of Susan Ann Jetty by letter from a staff attorney. The approval, which substantiated the existence of a handicapping condition, was for $2,000 pursuant to section 4407 of the Education Law and up to $8,200 for tuition and maintenance costs pursuant to section 4403.
The issues before this court are as follows: 1) Is Susan a handicapped child within the meaning of the statute? 2) Does Susan need special educational services such as are offered at Gra-Mar on the Lake? 3) What is the cost of such services? 4) Should the local school district share in the payment for such services?
Attached to the petition herein is Education Department Form HC 3 consisting of a certificate and recommendation of physician and psychologist. This certificate, which was admitted into evidence, showed “ Susan to be a mildly retarded girl with serious behavior disturbance due to disruptive home environment ” and contained a diagnosis of Susan as follows: “ Mild Mental retardation (310); adjustment reaction to adolescence.” It was stated that Susan needed “ not a day program only; needs 24 hour education and socialization program out of home.”
At the hearing of this matter the Director of Gra-Mar on the Lake testified as to the program in which Susan is enrolled, emphasizing the integration of staff efforts to utilize all of Susan’s waking hours and activities in a training or educational program. Susan’s pediatrician testified as to her handicapping condition and her need for special educational services.
Upon the testimony and evidence received, and the stipulations made, the court finds Susan Ann Jetty to be a handicapped *200 child within the meaning of section 232 of the Family Court Act, that she is in need of special school services, and that Gra-Mar on the Lake is providing such services and adequately meeting her needs. The court further finds that the total cost of such services for the period September 4,1973 through September 3, 1974 is $10,200 and of this amount $2,000 is to be paid by the New York State Education Department pursuant to section 4407 of the State Education Law.
The sole remaining issue is whether the local school district should share in the cost of Susan’s education. The County of Monroe argued that the Penfield School District (the local district in which Susan Ann Jetty resides) is under mandate of section 4404 (subd. 2, par. a) as follows: “ The board of education of each city and of each union free school shall be required to furnish suitable education facilities for handicapped children by means of home-teaching, transportation to school or by special classes.”
Reasoning from that mandate the County of Monroe argued strongly that the cost of Susan Ann Jetty’s education at Gra-Mar on the Lake should be charged back to the local district. That portion of section 232 (subd. [a], par. [1]) of the Family Court Act which gives this court the authority to charge the “ county or the proper subdivision thereof ” was cited as authority.
While admittedly the request that this court charge the cost of special educational services to the County of Monroe, with the possibility of one-half reimbursement from the State of New York, runs counter to the usual method of financing educational services, it is the choice of the Legislature. This court is not given the authority directly to enforce the mandate of sectioii 4404 that local school districts “ furnish suitable education facilities for handicapped children ” in the district. To date the State Education Department has not interpreted this section as requiring a district to provide such facilities for each handicapped child in the district.
The thrust of the present statutory scheme requiring payment for educational services for handicapped children by the county government would seem to be self-defeating since without the requirement that the local district finance any of cost for out-of-district education for the handicapped there is little incentive for the local district to meet the needs of the more severely handicapped. (See Matter of Kirschner, 74 Misc 2d 20.) However, the local school district is riot a political subdivision of the county. “ School districts are, like counties, governmental subdivisions of the State, though their governmental function *201 is confined to education.” (Village of Kenmore v. County of Erie, 252 N. Y. 437, 442.) Thus section 232 of the Family Court Act may not be read as authorization for this court to make a charge against the local school district. Any change must be made by legislative enactment.
The charge for educational services for Susan Ann Jetty is properly against the County of Monroe with right to reimbursement of one half the cost thereof from the State of New York. Such reimbursement has been promised in this case. The amount of such charge is $8,200. There is no .charge against the parent. (Matter of Kirschner, 74 Misc 2d 20, supra.)