Robert H. Wagner, J.
A petition has been filed in this court requesting educational aid for one Daniel Silver, an alleged handicapped child, so that he may attend the Devereaux Foundation for the period from September, 1974 through September, 1975.
Proper service has been had on the Attorney-Ceneral of the State of New York, the New York State Department of Education, the County of Monroe, and the Pittsford School District (the local school district in which Daniel Silver resides).
The issues before this court are as follows: (1) Is Daniel a handicapped child within the meaning of the statute? (2) Does Daniel need special educational services such as are offered at the Devereaux Foundation? (3) What is the cost of such services? *248 (4) Should the local school district share in the payment for such services?
Upon the pleadings, the testimony and the evidence received, including Education Department Form HC-3 which was attached to the petition, the court finds Daniel Silver to be a handicapped child within the meaning of section 232 of the Family Court Act, that he is in need of special educational services, and that the Devereaux Foundation, Deveron, Pennsylvania, is prepared to and capable of providing such services. The court further finds that the total cost of such services for the stated period is $13,200, together with an additional sum of up to $500 for transportation. Of said amount the sum of $2,500 should be paid pursuant to section 4407 of the Education Law.
The sole remaining issue is whether the local school district should share in the cost of Daniel’s education.
The County of Monroe argued that pursuant to section 4404 (subd. 2, par. a) of the Education Law, the Pittsford School District (the local district in which Daniel resides) is responsible for education.
While the' court ¡agrees with counsel for the County of Monroe that the responsibility for education under the statutory scheme set forth in the Education Law is upon the local school district, and that the request that the court charge the cost of special education .services to the county runs counter to the usual method of financing educational services, this court has no authority to change the clear legislative mandate.
■Section 232 (subd. [a], par. [1]) of the Family Court Act specifically provides that this court order educational services, “ the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or the proper .subdivision thereof wherein the child is domiciled.” Section 4403 of the Education Law is less clear in its language. In its relevant portion it provides, ‘ ‘ when the family court * * * shall issue an order to provide for the education, including home-teaching, transportation, scholarships, tuition or maintenance, of any handicapped child the commissioner of education, if he approves such order, shall issue a certificate to such effect”. It goes on to provide, one-half of the cost of providing home — teaching, transportation, scholarships in non-resident schools, tuition and maintenance * * * as certified by the commissioner of education, is hereby made a charge against the county or city in which any such handicapped child resides and ithe remaining one-half of the cost thereof shall be paid by the state out of monies appropriated therefor. ’ ’ If the two sections are *249 to be read together and if the Commissioner of Education is not to be placed in the position wherein it might appear .that he has legislative authority to disregard the orders of this court, the construction advanced in the opinion, Matter of Kirschner (74 Misc 2d 20) would seem the most reasonable way to effect the probable intent of the Legislature.
Under section 232, the entire charge is ‘ ‘ upon the county or the proper subdivision thereof ” unless arid until the Commissioner of Education makes appropriate certification under subdivision 1 of section 4403. Upon the issuance of such certification, the State of New ¡York is ¡bound to reimburse the county, or other proper subdivision, for one half of the total cost. Neither section 232 nor section 4403 talks in terms other than ‘ ‘ county ior the proper subdivision thereof ” or “ county or city ”. No (mention is made of school districts.
A local school district is not, despite argument by counsel for the county, a political subdivision of the county as contemplated by the language of section 232 of the Family Court Act. School districts are, like counties, governmental subdivisions of the State, though their governmental function is confined to education. (Village of Kenmore v. County of Erie, 252 N. Y. 437, 442.) Thus, section 232 of the Family Court Act may not be read as authorization for this court to make a charge against the local school district. (Matter of Jetty, 79 Misc 2d 198.)
The charge for educational services for Daniel .Silver is properly against the County of Monroe and is in the amount of $13,200, less $2,500 which shall be paid pursuant to section 4407. The county shall have the right to seek reimbursement from the State pursuant to the provisions of section 4403. There shall be an additional charge against the county of up to $500 for transportation. The exact amount of said charge shall be determined by voucher appropriately filed by the petitioners with the County of Monroe pursuant to the regulations promulgated for such purposes.
There is no charge against the parent. (Matter of Kirschner, 74 Misc 2d 20.)