W. Denis Donovan, J.
In the above-captioned cases petitions for the special education of handicapped children have been sustained by the court pursuant to section 232 of the Family Court Act. The City of Yonkers and the County of Westchester have in each instance cross-moved that the cost of such special education be made a charge against the other, each urging that the apparent ambiguities in both section 232 of the Family Court Act and section 4403 of the Education Law should be resolved in its favor and against the other.
Section 232 of the Family Court Act provides that the expenses of special education ordered by the court pursuant to that section "shall be a charge upon the county or the proper subdivision thereof wherein the child is domiciled at the time application is made to the court for such order”. Similarly, section 4403 of the Education Law provides: "2. One-half of the cost of providing home-teaching, transportation, scholarships in non-residence schools, tuition and maintenance, as provided in subdivision one of this section, as certified by the commissioner of education, is hereby made a charge against *193 the county or city in which any such handicapped child resides, and the remaining one-half of the cost thereof shall be paid by the state out of moneys appropriated therefor. All claims for services rendered and for supplies furnished and for other expenses incurred in providing such home-teaching, transportation, scholarships and tuition, shall be paid in the first instance by the board of supervisors or other governing elective body of the county or chief fiscal officer of a city in which such handicapped child resides”.
Although the two sections cited above do not specifically refer to one another, and section 232 of the Family Court Act refers to "the county or the proper subdivision thereof’, while section 4403 of the Education Law refers to "the county or city”, it has been held by the Appellate Division of this department that when an order is made by this court pursuant to section 232 of the Family Court Act, section 4403 of the Education Law comes into play. (Matter of Leitner, 40 AD2d 38.)
As observed by the court in Leitner, section 4403 of the Education Law is in essence a cost allocation provision. However, this section governs allocation between the State, on the one hand, and the county or city, on the other hand. Assuming handicap certification by the Commissioner of Education, which has in fact taken place in the cases at bar, there is no question that the State will pay half. As to the other half however, the question of liability between the "county or the proper subdivision thereof’ (Family Ct Act, § 232) remains unresolved. In Leitner the court noted in passing (p 41): "If State Education Department approval of a special education order pursuant to section 232 of the Family Court Act is not given, 'the county or the proper subdivision thereof (id., subd [a], par [1]) remains liable for the entire cost. The question of what constitutes a 'proper subdivision’ need not be passed upon in this case, as the Commissioner of Education has approved the Family Court’s order and has thereby assumed payment of one half of the $12,500 cost.”
This court does not find the above-stated rationale determinative in resolving the ambiguity in the statutory language "county or city”, regardless of whether the entity chosen from this category, on the one hand, as opposed to the State on the other hand, is required to pay the full amount, or is required to pay half. What is enlightening however, is the court’s statement that (p 42): "we are concerned here with a situation *194 (one of a presumably limited number) in which the Family Court determines that special educational training is required of such a nature and extent that it is beyond the scope of what could reasonably be provided by an individual school district or a number of districts working together.”
In the recent case of Matter of Lee E. B. (48 AD2d 666), the Appellate Division addresses itself directly to the question of what is a proper subdivision and cites with approval the well-reasoned opinion of the Family Court, Westchester County (Daronco, J.) in Matter of Carl G. (78 Misc 2d 453).
As pointed out by the court in that case, an amendment to the New York State Constitution effective January 1, 1950 established separate real estate tax limits for city school districts in cities of less than 125,000 inhabitants in order to make them fiscally independent and fiscally responsible. Such school districts are governed by article 51 of the Education Law (L 1950, ch 762, § 3, eff July 1, 1951). Excluded from the operation of article 51 are five specifically enumerated cities, i.e., New York City, Buffalo, Rochester, Syracuse and Yonkers which are governed by article 52 of the Education Law (L 1950, ch 762, §22, eff July 1, 1951). In these five cities the boards of education are not fiscally autonomous and funds for education are appropriated for such purpose by the city government and such funds as are required to be furnished are provided out of its general revenues.
As stated by the court in Matter of Carl G. (pp 460, 461):
"In seeking to obtain a logical, meaningful and practical application of the language employed under subdivision 2 of section 4403 of the Education Law to the cost allocation for this type of educational charge, which makes it a charge upon 'the county or city’, those words should be interpreted to recognize and to preserve the clear legislative language which distinguishes between cities and school districts in cities of less than 125,000 population and cities and school districts in cities of more than 125,000 population, under articles 51 and 52 of the Education Law * * *
"In applying the foregoing discussion to the instant motions before this court, it concludes that under the present existing statutory scheme in carrying out fully the legislative intent with respect to determining the local authority intended by the statutory language under section 232 (subd. (a), par. [1]) of the Family Court Act, 'county or the proper subdivision thereof, and under subdivision 2 of section 4403 of the Educa *195 tion Law, 'county or city,’ that the costs for the special educational requirements of a physically handicapped child are to be a charge either against the county or school district in cities of less than 125,000 population or cities with 125,000 population or more in which any such handicapped child resides”. (Emphasis added.)
In Matter of Held v County of Westchester (45 AD2d 822) the Appellate Division affirmed, without opinion, the order of this court which, in the first instance, charged the county rather than the City of Mount Vernon with the education costs of a handicapped child. In that case, as in the recent Appellate Division ruling in Matter of Lee E B. (48 AD2d 666, supra) which involved the City of White Plains, the cities involved had fiscally independent school boards which are governed by article 51 of the Education Law, as opposed to the City of Yonkers which is specifically governed by article 52, and has a board of education which in effect functions as a city department. As stated in Matter of Carl G. (supra, pp 458-459): "The Legislature also explicitly stated that the city school districts of a city with over 125,000 population (art. 52) were not fiscally independent and fiscally responsible, since their funds, moneys and appropriations are received and submitted similarly to those of other city departments, and the school districts’ annual estimates of expenditure are subject to city review pursuant to section 2576 of the Education Law.”
Accordingly, it is the holding of this court that the education costs of handicapped children residing in the City of Yonkers pursuant to section 232 of the Family Court Act shall, in the first instance, be a charge against the City of Yonkers.
Submit orders on notice.