Howard Miller, J.
On March 27, 1974 a petition was filed by Gordon I. Kaye on behalf of his daughter Jacqueline Elizabeth Kaye, praying that the court grant an order providing for the education of said child as a handicapped child.
In support of that petition the petitioner submitted a form labeled "HC-3” which alleged that Jacqueline Elizabeth Kaye suffered from "neuro physiological maturational lags” and required special educational services at Rockland Country Day School for the period September, 1974 through June, 1975.
The court, after hearing, found that Jacqueline Elizabeth Kaye was a handicapped child within the purview of section 232 of the Family Court Act and ordered that she be furnished an education (in accordance with the HC-3 form submitted with petition) requiring the County of Rockland to pay $2,200 for the cost of the educational services. Said order, in response to the application of the county at the close of the hearing, granted the county leave to apply for contribution to or payment of the charges as authorized by law from the State, and/or school district.
The sole issue before the court is the question as to the payment of the tuition costs at the Rockland Country Day School. No appeal had been taken from the order of this court dated September 15, 1975. Therefore, it is acquiesced that the child is a handicapped child entitled to education. The above issue raised by the motion and responding papers is divided into two parts.
I. Whether the Family Court may direct that the Commissioner of Education reimburse the county for one half of the cost of the education of the handicapped child pursuant to section 4403 of the Education Law.
II. Whether the Family Court may order a school district to:
*571 (a) contract pursuant to paragraph b of subdivision 2 of section 4404 of the Education Law,
(b) with a school not registered pursuant to that section and to 8 NYCRR 200.7.
The county, in claiming compensation for one half of the cost of the education of the child, relies upon subdivision 2 of section 4403 of the Education Law which provides that one half of the cost of these services, as certified by the Commissioner of Education, is a charge against the county or city in which the child resides. The remaining one half of the cost is to be paid by the State out of moneys appropriated therefor. Payment by the State is made subsequent to a presentation of a certified statement of expenditure by the county or city as provided by subdivision 3 of section 4403 of the Education Law.
The order of the Family Court for special educational services is initially a charge upon the county in which the handicapped child resides. The State becomes liable for a portion of the cost of said order (Matter of Leitner, 40 AD2d 38).
This court should not consider any direction to the Commissioner of Education of the State of New York to assume liability for one half of the cost of special educational services ordered by the court to.be provided to this petitioner until the order of the court is presented to the Commissioner of Education with appropriate voucher and the commissioner refuses to approve payment. The County of Rockland is not aggrieved until the State refuses to pay its portion of education cost pursuant to section 4403 of the Education Law. Since the above procedure has not been followed there is no basis upon which relief sought by the County of Rockland could be predicated until the administrative remedies have been exhausted. Therefore, this court dismisses the motion of the County of Rockland as against the State of New York without prejudice to any future action or proceeding brought by the county in an appropriate jurisdiction.
The Constitution of the State of New York (art VI, § 7) in setting forth the jurisdiction of the Supreme Court provides for other courts to also have jurisdiction in certain instances as set forth in paragraph c of section 7 of article VI as follows: "If the legislature shall create new classes of actions and proceedings, the supreme court shall have jurisdiction over such classes of actions and proceedings, but the legislature *572 may provide that another court or other courts shall also have jurisdiction and that actions and proceedings of such classes may be originated in such other court or courts.”
Section 13 of article VI of the Constitution provides the constitutional jurisdiction of the Family Court. Such jurisdiction was supplemented by the Legislature when it adopted section 232 of the Family Court Act in paragraph (a) of said section 232. This section conferred jurisdiction upon the Family Court in addition to the powers set forth in article VI of the Constitution as follows: "(a) The family court has jurisdiction over physically handicapped children.”
The Constitution of the State of New York (art XI, § 1 [common schools]) with regard to education sets forth: "The legislature shall provide for maintenance and support of a system of free common schools, wherein all the children of this state may be educated.”
It is an unfortunate fact that all children are not able to take advantage of the facilities provided for his or her education by the local authorities. Nor are all equally mentally, physically or emotionally able to achieve the benefits of a free education. There are those children who must receive special education or training to help them realize the benefit under our educational system. It is recognized that school administrations, as diligent as they may be, cannot provide appropriate educational services for some of these children due to limitations of the children or school, facilities.
The Family Court Act and Education Law must be read together to effect a meaningful application of the statutes concerned (Matter of Daber, 71 Misc 2d 303). There is no doubt that jurisdiction of this child is conferred upon the Family Court following the definition of a "handicapped child” in section 4401 of the Education Law in conjunction with section 232 of the Family Court Act, said section 4401 of the Education Law providing as follows:
"Section 4401. Definitions
"As referred to in this article
"1. A 'handicapped child’ is one who, because of mental, physical or emotional reasons, cannot be educated in regular classes but can benefit by special services and programs to include, but not limited to, transportation, the payment of tuition to boards of cooperative educational services and pub- *573 lie school districts, home teaching, special classes, special teachers, and resource rooms.”
"Hyperactivity, lack of concentration, inability to interact with other children have made it inappropriate for him to attend unspecialized public school classes” was held as a "handicap” within the jurisdiction of the Family Court (Matter of James B, 75 Misc 2d 1012, 1013); so too, schizophrenia (Matter of Leitner, 38 AD2d 554; Matter of McDonald, 76 Misc 2d 532); Leitner (supra) designated "autism” (Matter of Leitner, 40 AD2d 38), and the court added (p 42): "The definitional dichotomy between section 232 of the Family Court Act and section 4403 of the Education Law has resulted, not in a well-integrated legislative scheme for dealing with the special educational needs of handicapped children, but rather in the existence of isolated statutes dealing with the same subject matter.”
The definitions of handicapped children under section 2581 of the Public Health Law provide a separate definition of a "Physically Handicapped” child: "As used in this article: 1. 'Physically handicapped children’ means any persons under twenty-one years of age who are handicapped by reason of a defect or disability, whether congenital or acquired by accident, injury or disease, or who are suffering from long-term disease, including but without limiting the generality of the foregoing, cystic fibrosis, muscular dystrophy, nephrosis, rheumatic fever and rheumatic heart disease, blood dyscrasies, cancer, brain injured, or chronic asthma, or from any disease or condition likely to result in a handicap in the absence of treatment, provided, however, no child shall be deprived of a service under the provisions of this chapter solely because of the degree of mental retardation.” While not adding to or detracting from this court’s position it lends further impetus to the need of a legislative review of the entire area of the education and care of the handicapped as urged by this and other courts.
This court is not in a position to look for or to seek out "better” schools for this child. (Matter of McDonald, supra.) At the hearing in the instant case, though accorded the opportunity, neither the school district nor BOCES showed that either one had an appropriate program for this child. In discussing the needs of a child, the court in Matter of McDonald (supra) noted (p 535): "The State Education Department has the burden of going forward with evidence that a suitable and *574 approved educational facility is available * * * It has failed to sustain this burden”.
The use of the permissive words "may accept” in section 232 of the Family Court Act is most significant in that it leaves the final determination in the hands of the court to be the fact finder. The court can accept or reject the State certification. This court having the jurisdiction in determining if a child is handicapped and as to his needs, even though the State Education Department has not issued its approval, now addresses itself as to whether the court can order a school district to: (a) contract pursuant to the Education Law (§ 4404, subd 2, par b) and (b) with a school not registered pursuant to that section.
Neither the school district nor BOCES has shown that either of them or any "registered” school has an adequate program for the physical and mental needs of this child at that time. The attendance of the child at an unregistered school is the issue. It is true that if the court directs the school district to contract with the unregistered school, the cost would be solely upon the school district. The decision in Matter of James B (75 Misc 2d 1012, supra) in its discussion (pp 1016, 1017) of the question of State certification of the school came to the conclusion that (p 1016): "State certification of the educational facility would not appear to be mandatory for an order under section 232 (subd. [a], par. [1]) which states: 'a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution’”.
Aside from the consideration of that case, as discussed below, this court finds that certification, or lack thereof, by the State of the school is not binding upon the court. The court found and duly ordered on September 15, 1975 that Rockland Country Day School, irrespective of being "unregistered” was an appropriate facility for this child in the instant case.
The school districts have been "authorized and empowered” to contract for the education of handicapped children. The Education Law (§ 4404, subd 2, par b) provides: "Such city or union free school districts are also authorized and empowered to contract with private schools outside of such districts but located within the state for the education of such children, provided that such schools must be incorporated in the state of New York and must be registered by the commissioner in accordance with standards established by him.”
*575 It would appear that Rockland Country Day School is not such "registered” school. In determining the issue as to whether or not this court can direct the school district to contract with this school, the court must consider related statutes and applicable case law.
The standards of a "registered” school are set forth in paragraph b of subdivision 2 of said section 4404 of the Education Law: "are found by the board of education to be adequate to provide instruction adapted to the mental attainments and physical conditions of such children”. As well as other criteria enumerated in 8 NYCRR 200.7, paragraph b of subdivision 2 of section 4404 of the Education Law must be read in conjunction with sections 232 and 255 of the Family Court Act, the mental and physical needs of the child and available public and "registered” facilities.
The Legislature extended the powers of the Family Court by amending section 255 of the Family Court Act to vest broad powers in the Family Court, and section 255 is quoted in part:
"Section 255. Cooperation of officials and organizations.
“It is hereby made the duty of and the family court or judge thereof may order, any agency or other institution to render such information, assistance and cooperation as shall be within its legal authority concerning a child who is or shall be under its care, treatment, supervision or custody as may be required to further the objects of this act. "(Italics supplied.)
There is no exclusion of the State Education Department or of the local school districts. In the case of Matter of Walker v Foster (69 Misc 2d 400) the Family Court ordered the Superintendent of Education to transfer pupils to another school, applying the authority of section 255. Section 255 further provides: "the family court or judge thereof may order, any agency or other institution to render such assistance and cooperation as shall be within its legal authority * * * as may be required, to further the objects of this act” (italics supplied), and following this latter portion of section 255 the court in Matter of James B (75 Misc 2d 1012, supra) stated (p 1018): "the Commissioner of Education has the 'legal authority’ to supervene its own regulations; therefore the Family Court may order it: 'to render such information, assistance and cooperation * * * concerning a child who is or shall be under its care, treatment, supervision or custody as may be required to further objects of this act’ ”, and that court or *576 dered that a handicapped child was in the need of special educational services provided by a private uncertified school.
The Appellate Division in Usen v Sipprell (41 AD2d 251) held an article 78 proceeding an improper manner to ascertain an appropriate program for a child subject to "adjustment reaction of said adolescence with mental retardation” and in directing a hearing in Family Court, the Appellate Division held (pp 258-259): "Since this proceeding was instituted the Family Court Act (§ 255) has been amended, effective July 1, 1972, to give to Family Court the authority to order any local or State agency or institution 'to render such information, assistance and cooperation as shall be within its legal authority concerning a child who is or shall be under its care, treatment, supervision or custody as may be required to further the objects of this act. The court is authorized to seek the cooperation of, and may use, within its authorized appropriation therefor, the services of all societies or organizations, public or private, haying for their object, the protection or aid of children or families’ ” and continued (p 259): "Family Court, in light of the facts adduced at such hearing, may solicit and order such care, education and treatment of petitioner and intervenor, severally, as it may appear can appropriately be afforded to them.”
Section 255 of the Family Court Act with its extended powers guided the court in Matter of Carlos P. (78 Misc 2d 851, 857), wherein it was stated:
"This section [Family Ct Act, § 255] now grants even wider powers than mandamus to this court.
"It is the obvious legislative intent as thusly expressed and as confirmed in Usen v. Sipprell that section 255 applies even where this court will be„placed in a position of substituting its discretion for that of the agency.”
This court has considered the cases of Matter of Naima C. (39 AD2d 964) and Matter of Jetty (79 Misc 2d 198). Both of these cases are distinguished from the case at bar. In distinguishing the Naima case (supra), decided June 26, 1972, this court notes that section 255 of the Family Court Act was amended by the Legislature, effective July 1, 1972, to accord the Family Court greater latitude than it had prior to said amendment. (Matter of John M., 75 Misc 2d 672; Matter of James B, supra; Usen v Sipprell, supra.) In distinguishing Matter of Jetty (supra) this court finds that case is not in point. There the county sought to have contribution from the *577 school district toward the county’s portion of the cost of educating the handicapped child and not a court direction under section 255 of the Family Court Act to the school districts to contract, with the private school pursuant to paragraph b of subdivision 2 of section 4404.
The Legislature has seen fit to grant to the Family Court the jurisdiction over handicapped children pursuant to section 232 of the Family Court Act and extended its powers by the amendment to section 255 of said act. This court cannot abdicate its responsibilities by being a "rubber stamp” to the acts or decisions of the schools or other agency whose rulings came before this court for review. Such cases must be considered on the merits of the matter in the presentation to the court pursuant to applicable statutes.
Any court order granted must then be enforced against the State Education Department and/or the school district. To hold otherwise would be to place the State Education Department and/or the school at an unfair advantage over the county in that the county would bear the entire cost of the education of the handicapped child.
The Family Court having the authority to direct the Commissioner of Education to act in accordance with an order of the Family Court, the court, similarly, has the power to impose its order upon a local school board.
Therefore, the school board being authorized by paragraph b of subdivision 2 of section 4404 to contract with a school outside of the district, this court, pursuant to the powers vested in the court by the Family Court Act and the case law hereinabove discussed, does direct the South Orangetown Central School District No. 1 to contract with Rockland Country Day School for the academic year 1974-1975 in the amount of $2,200 for the education of Jacqueline Elizabeth Kaye irrespective of the fact that said school is not a school registered by the Commissioner of Education of the State of New York and irrespective of the fact that the commissioner did not approve the education directed for the child.