Vincent Gurahian, J.
This proceeding is brought pursuant to section 232 of the Family Court Act whereby petitioner *657 prays for an order providing transportation for Susan Sharkey between home and the Blythedale Children’s Hospital (Blythe-dale) where Susan attends a special day education program upon the recommendation of the North Salem School District in which she is resident.
The North Salem School District (North Salem) and Blythe-dale are both situate in Westchester County and the round trip distance of the transportation involved is 64 miles.
The essential facts as stipulated by those parties appearing are as follows:
Susan Sharkey is a physically handicapped child as defined in the Family Court Act for whom there is no appropriate education facility at North Salem. Susan, whose intelligence quotient is above fifty is among more than ten handicapped youngsters residing in North Salem and requiring special education, of whom none are grouped for special classes within said district.
Susan’s attendance at Blythedale is proceeding pursuant to a contract between North Salem and the Putnam-Westchester Board of Co-operative Educational Services (BOCES) of which North Salem is a constituent. BOCES, which is also without a suitable program for Susan, has in turn contracted with Blythedale. Blythedale is a special school district established by chapter 843 of the Laws of 1970.
The costs of Susan’s education are paid to Blythedale by BOCES which charges them back to North Salem. Said costs, as ultimately borne by North Salem, are reimbursed to the extent of approximately 56% by the State Department of Education.
It should be noted at this point that State aid to local school districts for education of handicapped children was formerly made pursuant to section 4405 of the Education Law in conjunction with article 73 of said law which deals with apportionment of public moneys. Section 4405, however has been repealed (L 1974, ch 241, § 1, eff July 1, 1974).
The Family Court’s jurisdiction to order educational services under section 232 is well settled (Matter of Leitner, 38 AD2d 554). Said section (subd [a], par [1]) provides that whenever a physically handicapped child appears to be in need of special educational training, including transportation, "a suitable order may be made for the education of such child * * * and the expenses thereof * * * shall be a charge upon the county *658 or proper subdivision thereof wherein the child is domiciled” (emphasis added).
To the extent that Susan Sharkey is a physically handicapped child receiving necessary and appropriate special education at Blythedale with daily transportation thereto, the facts initially requisite to sustaining the instant petition have been established.
Upon granting an application under section 232 the court may direct that the expenses be met in the first instance by the county of the child’s residence with one-half reimbursement by the State under section 4403 of the Education Law when such orders are approved by the Commissioner of Education (Matter of Leitner, 40 AD2d 38). It has also been held, in reconciling that language in subdivision 2 of section 4403 which refers to the costs being borne by the "county or city” of residence, that an order may be entered against certain cities wherein, pursuant to article 52 of the Education Law, the boards of education are not fiscally autonomous (Matter of Carl G. Anonymous, 78 Misc 2d 453; Matter of Michael C v State of New York, 83 Misc 2d 191; see, also, Matter of Lee E. B., 48 AD2d 666). The question of what constitutes the "proper subdivision” of a county remains unresolved but in no event does it appear that a local school board is subject to an order under section 232. (See Matter of Silver, 79 Misc 2d 247.) Thus, should the instant petition be sustained, this court would be compelled to charge the costs of transportation to the County of Westchester.
The County of Westchester argues that, notwithstanding the above, the underlying responsibility for the transportation herein rests entirely with North Salem (subject to State reimbursement of 90% under Education Law, § 3602, subd 7) and therefore a section 232 petition does not lie.
It has been held that, in considering educational aid for handicapped youngsters, the Family Court need not look beyond the powers vested by section 232 (Matter of Daniel Silver, supra) and that said section provides only two criteria: (1) Is the child physically handicapped? (2) Does the child appear to the court to be in need of special educational training, including transportation, tuition or maintenance? (Matter of Richard C, 75 Misc 2d 517.)
This court, however, must acknowledge the existence of separate and distinct statutory schemes, most notably in article 89 of the Education Law which also speak to special *659 education. The language in section 232 by which a suitable order may be made leaves discretion with the Family Court and other laws on the same subject matter may affect a proceeding thereon.
Article 89 of the Education Law sets forth certain powers and duties of school districts with respect to handicapped children. Particularly germane to the circumstances of the instant case are subdivisions 4 and 5 of section 4404 which read in pertinent part as follows:
"4. The board of education of each school district in which there are ten or more handicapped children who can be grouped homogeneously in the same classroom for instructional purposes shall establish * * * special classes * * * or shall contract with the board of education of another school district, a board of cooperative educational services * * * for the education of such children. * * *
"5. The board of education * * * of each school district shall provide suitable transportation to and from special classes as outlined in subdivision four of this section * * * to all such children irrespective of the school they legally attend.” (Emphasis added.)
Provisions for the education of handicapped children by school districts, covering various circumstances, are found elsewhere in article 89. Subdivision 3 of section 4404, for example, refers to districts with less than 10 handicapped children. It is noted that in this and other instances the plans given the districts appear optional whereas the language in subdivisions 4 and 5 of section 4404 is clearly mandatory. Further, in reading the two subdivisions as a whole, it is the interpretation of this court that the provision in subdivision 5 of section 4404 for transportation to "special classes” clearly refers to both of the educational alternatives found in subdivision 4 of section 4404.
It is evident, and this court so finds, that the contract between North Salem and BOCES by which Susan Sharkey attends Blythedale is of the type contemplated in subdivision 4 of section 4404 and in the entry thereof North Salem is merely complying with a statutory obligation. The same conclusion would be drawn if the contract were made directly between North Salem and Blythedale as "another school district.”
Why the arrangements made by North Salem do not include transportation is a matter for conjecture. The district’s posi *660 tion is apparently the result of heretofore established policy of "the State Commissioner of Education that school districts will not be directed to pay for any part of a handicapped child’s transportation to special classes when the distance involved exceeds 20 miles one way (Matter of McLaughlin, 1 Ed Dept Rep 151; Matter of Cohen, 9 Ed Dept Rep 17; Thomason v County of Suffolk, 66 Misc 2d 926). Said policy accrued even where the commissioner considered a district obliged to contract for education pursuant to section 4404 of the Education Law. (Matter of Shultz, 10 Ed Dept Rep 21.)
Whatever the reason, the fact is that North Salem has not provided Susan Sharkey with transportation thus making ripe a petition to the Family Court. The issue that remains is whether, under the circumstances, it is proper to enter an order against the County of Westchester under section 232.
The court holds that it is not.
The primary design for education of handicapped youngsters rests in the Education Law. The authority given Family Court by section 232 is not intended to stand in lieu of other statutory programs in every case but rather exists as a supplementary vehicle to the same ends if necessary.
In Matter of Leitner (40 AD2d 38, 41-42, supra) the Appellate Division, Second Department, while approving the use of section 232 for residential education at a private school in Rhode Island at an annual cost of $12,500, noted in passing: "that sections 4404 and 4406 of the Education Law impose duties on school boards with regard to furnishing suitable educational facilities, special classes, transportation to and from such classes, etc., for handicapped children. Nothing contained in this opinion is intended in any way to relieve them of their statutory responsibilities, for we are concerned here with a situation (one of a presumably limited number) in which the Family Court determines thaf special educational training is required of such a nature and extent that it is beyond the scope of what could reasonably be provided by an individual school district or a number of school districts working together.” (Emphasis added.)
Section 232 is available either when no other program fitting the needs of a. given situation is set forth elsewhere, as in Leitner, or when it is found that- such a program cannot be reasonably implemented by the entity charged therewith. Where the Family Court finds the education of a handicapped child should be occurring without its intervention, a section *661 232 petition need not be sustained. This holds particularly true where an existing and appropriate plan is couched in mandatory language.
As regards the instant matter, not only does the appropriate education fall within the purview of subdivisions 4 and 5 of section 4404; the district has already complied with the mandates therein except for providing transportation. Subdivision 5 of section 4404 is inextricably connected to subdivision 4 and it is not unreasonable to expect North Salem to follow through on its obligation by contracting for 64 miles daily transportation. The school attended by Susan Sharkey is within the same county as her residence and the distance between them in each direction exceeds by only 12 miles the one-way distance of 20 which the State Commissioner of Education had considered reasonable for school districts.
This court does not, in any event, consider itself bound by the policies of the State Commissioner, but with respect thereto the afore-mentioned repeal of section 4405 of the Education Law becomes significant. Subdivision 6 thereof stated that: "A school district providing transportation for handicapped children shall be reimbursed by the state pursuant to section thirty-six hundred two of this chapter for such services to the extent of the cost of such transportation for such reasonable distance as the commissioner may prescribe, whether or not the actual transportation furnished shall exceed such reasonable distance.”
This being the enabling statute by which the commissioner’s policy was set, its repeal negates the mileage limit and eliminates any possible effect on the Family Court’s discretion to decide what is reasonable.
An order for transportation will not be entered against the county. Accordingly, the petition is dismissed.
During the pendency of this and similar proceedings the county and various school districts have arranged for transportation with the understanding that costs will ultimately be borne by either in accordance with the decision of this or a higher court.
It is recognized that, absent such arrangements, the court’s stance herein would leave petitioners in a vicious cycle. Parents of handicapped youngsters would be left with the option of bearing either the costs of education or the time and expense of a proceeding under CPLR article 78. Certainly it was not intended by the Legislature that the extraordinary *662 steps of both a section 232 petition and an article 78 proceeding be taken to implement the education of handicapped children. .
Apparently, such a dilemma in the instant matter has been obviated. Should the necessity arise, however, this decision is entered without prejudice to right of petitioner to return to this court for relief pursuant to section 255 of the Family Court Act.