Donald J. Corbett, Jr., J.
In this proceeding petitioners request a suitable order for the education of their child who they allege is handicapped. Petitioners further allege that their local school system does not have an adequate educational program for their child. The school district, through its superintendent, has refused to execute form HC-3, entitled "Certificate and Recommendation of School Superintendent”.
Petitioners have given notice, by service of summons and petition, to the County of Monroe, the Commissioner of Education of the State of New York, the Attorney-General of the State of New York and the Pittsford Central School District.
The school district now moves this court for judgment pursuant to CPLR 3211 (subd [a]) on the grounds that the petition fails to state a cause of action against the school district. The school district alleges that a charge may not be made against it (Matter of Silver, 79 Misc 2d 247), and also alleges that it is not a proper subdivision of the county (Matter of Jetty, 79 Misc 2d 198; Village of Kenmore v County of Erie, 252 NY 437).
All children of New York State are entitled to a free, public school education under the New York Constitution. "The legislature shall provide for the maintenance and support of a system of free common schools wherein all the children of this state may be educated” (NY Const, art XI, § 1). Such mandate also includes the right of handicapped children to a free education. (Matter of Wiltwyck School v Hill, 11 NY2d 182.)
The Education Law fulfills this constitutional mandate under the State Education Department, by directing that the department is charged with the general management and supervision of all public schools and of all the education work of the State. The Commissioner of Education continues to be the chief administrative office of the department and has the power to discipline or remove school officers, etc. (Education Law, §§ 301, 306.)
*1027 This mandatory educational system provides that "In each school district of the state, each minor from six to sixteen years of age shall attend upon full time institution”, and also that "A minor required by the provisions of part one of this article [65] to attend upon instruction shall attend regularly as prescribed where he resides” (Education Law, § 3205, subd 1, par [a]; § 3210, subd 1, par a).
Upon violation of part I of article 65, the Family Court is granted subject matter jurisdiction regardless if the violation is caused by a pupil, parent or school district. (Education Law, § 3232, subd 1.) If a pupil refuses to attend school, a person in need of supervision (PINS) petition may be filed in Family Court, and if a parent interferes with the educational program, an educational neglect petition may be filed in Family Court. (Family Ct Act, § 712, subd [b]; § 1012, subd [f], par [i], cl [a].)
Family Court has jurisdiction to make an order to provide for the education of handicapped children within the State. (Family Ct Act, § 232.) This jurisdiction to issue an order also gives Family Court the implied power to enforce its order by directing education suitable for a handicapped child. Section 232 (subd [a], par [1]) of the Family Court Act states: "Whenever a child within the jurisdiction of the court and under the provisions of this act appears to the court to be in need of special educational training, including transportation, tuition or maintenance, and, except for children with retarded mental development, home teaching and scholarships, a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or proper subdivision thereof wherein the child is domiciled at the time application is made to. the court for such order”.
The basic question concerns the jurisdiction of Family Court to direct a local school district to enroll a handicapped child in its school system, where a suitable educational program exists. If the court were to find, after hearing, that the local school district has a suitable educational program, then the local school district must be a party respondent in this proceeding, or otherwise the court would be unable to enforce a suitable order directing the enrollment of this special child in such program. To argue that a petitioner must commence a similar proceeding in Supreme Court for the same relief is unreasona *1028 ble and creates duplicity of actions. Family Court has ancillary jurisdiction to do complete justice in a single proceeding where the specific issue is the providing of education of handicapped children. (Morrow v District of Columbia, 417 F2d 728; 20 Am Jur 2d, Courts, § 100.) The Family Court’s exercise of jurisdiction herein would not impair the concurrent general jurisdiction of the Supreme Court. The Commissioner of Education would be able, administratively, to exercise fiscal or other sanctions against a local school district. (Education. Law, §§3234, 4403, 4404; Matter of Waxman, 14 Ed Dept Rep 356.) The fact that an order directing payment is not made against a local school district does not determine their standing as a proper party respondent, where the Family Court may direct other relief.
In Matter of Leitner (38 AD2d 554), the Appellate Division, Second Department, directed the Family Court to hold a new hearing upon notice to the Attorney-General, the Commissioner of Education and "the appropriate county and municipal authorities. ” (Emphasis supplied.) However, the courts or the Legislature have never defined who the necessary and appropriate authorities are.
Therefore, it must be concluded that Family Court has jurisdiction to direct the local school district to enroll a handicapped child in an existing suitable educational program. This opinion is limited strictly to handicapped educational petitions under section 232 of the Family Court Act.
The local school district where petitioners reside is a proper party respondent in a proceeding under section 232 of the Family Court Act.