Alfred J. Weiner, J.
FACTS
At various times in the past year petitions were filed with this court by the parents of handicapped children pursuant to section 232 of the Family Court Act. In all cases it was alleged that the children who were the subjects of these proceedings were in need of special education and it was requested in each case that the County of Rockland pay the cost of transportation, tuition or maintenance as provided in the statute for the school year 1975-1976.
The County of Rockland has now filed a motion with this court requesting that the cost of transportation to special education schools for certain enumerated handicapped children be made a charge upon the school districts in which the children live, and not upon the County of Rockland.
In each of the cases the distance from the child’s home to the school attended exceeds 20 miles and in each case the county has heretofore been providing the transportation.
LAW
The New York State Legislature in the exercise of its legislative prerogative has, subject to certain limitations, required school districts to be primarily responsible in providing transportation to certain qualifying nonhandicapped pupils to its district schools. (Education Law, § 3635, subd 1.) The Legislature has also required school districts to provide transportation to handicapped pupils to special education classes regard: less of whether the classes are operated by the school district or private institutions. (Education Law, § 4404, subd 5.)
By virtue of the authority granted to the Commissioner of Education pursuant to former subdivision 6 of section 4405 of the Education Law, certain distance limitations were established. Under these limitations school districts were not compelled to transport pupils further than 20 miles one way (Matter of McLaughlin, 1 Ed Dept Rep 151; Matter of Cohen, *425 9 Ed Dept Rep 17; Thomason v County of Suffolk, 66 Misc 2d 926).
The Appellate Division, Second Department, has held that the relief afforded under section 232 of the Family Court Act was to be used only when the .special educational training required is of such a nature and extent that it is beyond the scope of what could reasonably be provided by a school district (Matter of Leitner, 40 AD2d 38).
However, effective July 1, 1974 and pursuant to chapter 241 of the Laws of 1974, subdivision 6 of section 4405 of the Education Law was repealed and the authority for the commissioner’s determination and the basis for the 20-mile limit was removed.
JURISDICTION
In its motion, the county has enumerated 29 proceedings wherein it seeks to have the costs of transportation made a charge upon the various school districts. (It appears, however, that in one of the proceedings, docket H-8-70, no petition has been filed for the current year, and accordingly, the matter is not before the court and therefore the relief requested cannot be granted.)
As to the remaining 28 proceedings it is well settled that the Family Court has jurisdiction to order that educational services, including transportation, be provided to handicapped children. (Family Ct Act, § 232; Matter of Leitner, 38 AD2d 554.)
In this proceeding, all the Rockland County school districts except the South Orangetown and Haverstraw-Stony Point school districts appeared specially and have contested this court’s right to exercise its jurisdiction over them.
It is contended that school districts are not parties to proceedings brought pursuant to section 232 of the Family Court Act nor are they subject to orders under such statute and this court therefore lacks jurisdiction over them.
The threshold question now presented for determination is whether the school districts are "parties”.
In all of said proceedings a parent of the handicapped child, as petitioner, commenced the proceedings by filing a petition with the court. The petitions were forms prepared by the State Education Department (designated form "HC-2”) and supplied to the parents by the local school districts. Accompa *426 nying the "HC-2” form in each case is a form designated "HC-3” which contains recommendations to the court by the district superintendent of schools, by a physician and by a psychologist as to the appropriate educational placement of the child and the special services needed by the child.
A proceeding under section 232 of the Family Court Act is a special proceeding (CPLR art 4; 400-411) and is referred to as such in the Family Court Act. (Family Ct Act, § 115, subd [b].)
School districts cannot be considered "parties” in these special proceedings.
CPLR 401 states that the party commencing a special proceeding shall be styled the petitioner and any adverse party the respondent. Form and circumstance of the petitions and other documents filed with this court do not indicate that the school districts are parties.
Although the school districts may indirectly benefit from the successful prosecution of these petitions and assist in their preparation, they are in no manner the "petitioner.” All the petitions filed with this court uniformly indicate and clearly specify the parent of the handicapped children to be the only petitioner therein. (CPLR 401.)
This statute (CPLR 401) when read in conjunction with the Leitner case (supra) clearly indicates that only the State of New York through the Attorney-General, the Department of Education through the Commissioner of Education and the County of Rockland are the only adverse parties to these proceedings because they are the only ones the petitioner-parent was required to give notice and therefore the only ones who assumed the status of a respondent party. (Leitner, supra.)
FINDINGS
In view of the repeal of subdivision 6 of section 4405 of the Education Law by chapter 241 of the Laws of 1974, and in view of the Commissioner of Education’s recent statement that school districts are responsible for the transportation of handicapped children beyond the 20-mile limit (Matter of Shepis, — Ed Dept Rep —) this court sees few instances where the County of Rockland would be liable in the future to transport handicapped children to their special education classes (Matter of Sharkey, 84 Misc 2d 655, app dsmd, NYLJ, Apr. 2, 1976, p 11, col 5).
*427 The court also finds that since the original petitions were not served upon the school districts and since no third-party practice or intervention was requested by movant the school districts are not parties to these proceedings and therefore this court cannot exercise its jurisdiction over them.
Accordingly, the motion to hold the school districts liable for the cost of transportation to special education schools is denied.