■    In the Matter of JOSEPH C. PILATO, Deputy County Attorney, as Attorney of Record for the County of Monroe, et al., Appellants, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 31, 1977 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, and granted respondent's motion to drop the Attorney-General of the State of New York as a party. This proceeding was commenced to review a determination of the Commissioner of Education that denied approval of orders of the Family Court of Monroe County which ordered the County of Monroe to pay the costs of education at a private school for Seth Goldstein, a handicapped child, for the school years 1973-1974 and 1974-1975. Petitioners had sought such approval from the commissioner in order to obtain, pursuant to section 4403 (now § 4406) of the Education Law, reimbursement from the State of New York for one half of the education expenses. The power of the Family Court to make the orders pursuant to section 232 (now § 236) of the Family Court Act is not questioned. Rather, petitioners contend that the refusal of the Commissioner of Education to approve the orders of the Family Court on the ground that this handicapped child was not attending a private school approved for the education of handicapped children pursuant to his regulations (8 NYCRR 200.8, superseded by 8 NYCRR 200.11) was arbitrary and capricious. It is also contended that the Commissioner of Education and the Attorney-General, having been given notice as required of the Family Court proceedings and having defaulted and otherwise having failed to participate in said proceedings, the commissioner may not object and refuse to approve said orders. Subdivision 1 of section 4401 of the Education Law, in effect prior to July 1, 1976, defined a handicapped child as follows: "A 'handicapped child' is one who, because of mental, physical or emotional reasons, cannot be educated in regular classes, but can benefit by special services and programs to include, but not limited to, transportation, the payment of tuition to boards of cooperative educational services and public school districts, home teaching, special classes, special teachers, and resource rooms." Section 232 of the Family Court Act, in effect prior to July 1, 1976, established the jurisdiction of the Family Court over physically handicapped children and provided, in part, as follows: "Whenever a child within the jurisdiction of the court and under the provisions of the act appears to the court to be in need of special educational training, including transportation, tuition or maintenance, and, except for children with retarded mental development, home teaching and scholarships, a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or the proper subdivision thereof wherein the child is domiciled at the time application is made to the court for such order." Subdivision 1 of section 4403 of the Education Law, in effect prior to July 1, 1976, provided as follows: "The state education department shall have the power and duty to provide within the limits of the appropriations made therefor, home-teaching, transportation, scholarships in non-residence schools, tuition or maintenance and tuition in elementary, secondary, higher, special and technical schools, for handicapped children in whole or

in part from funds of the department, when not otherwise provided by parents, guardians, local authorities or by other sources, public or private. When the family court, or the board of education of the city of New York, shall issue an order to provide for the education, including home-teaching, transportation, scholarships, tuition or maintenance, of any handicapped child the commissioner of education, if he approves such order, shall issue a certificate to such effect in duplicate, one of which shall be filed with the clerk of the board of supervisors or other governing elective body of the county or chief fiscal officer of a city and one in the office of the commissioner of education." Subdivision 2 of that section provides that one half the cost of providing the education services in subdivision 1 is made a charge upon the county or city in which the child resides and the other half shall be paid by the State out of moneys appropriated therefor with payments in the first instance to be made by the county or city. Subdivision 3 requires the Legislature to appropriate an amount sufficient to pay one half of the claims paid by a county or city for such purposes, and provides for the method to obtain reimbursement. Section 4402 of the Education Law provides that the Education Department shall have the power and duty to maintain a register of handicapped children and to use all means and measures necessary to adequately meet the physical and educational needs of such children; to stimulate all private and public efforts for such purposes, and to formulate rules and regulations pertaining to their physical and educational needs as the commissioner shall deem in their best interests. The regulations of the commissioner in effect at the time in issue (8 NYCRR 200.8, now superseded by 8 NYCRR 200.11) provided, in part, as follows: "(b) No order of the Family Court shall be approved with respect to any pupil who has not previously received State assistance pursuant to the provisions of sections 4403 or 4407 of the Education Law to attend such school, or any pupil who is to be enrolled in a private school which has not been approved by the department in accordance with the provisions of sections 200.5 and 200.7 of these regulations, unless a Form HC-3 (recommendation of school superintendent, physician and psychologist) has been received by the department on or before April 15 in the school year for which special educational services are sought." The petition herein alleges only a determination by the Family Court that Seth Goldstein was a handicapped child; the failure of the commissioner and Attorney-General to defend the Family Court proceeding; payment by the County of Monroe of the tuition costs pursuant to the Family Court order; service of the order upon the commissioner and the Attorney General; the refusal of the commissioner to approve the order; and that such refusal is arbitrary and capricious. Other than the fact that the court found Seth Goldstein to be handicapped, there is no allegation in the petition that the conditions for approval of a Family Court contained in the commissioner's regulations have been complied with. The petitioners essentially contend that the commissioner's function is procedural and mechanical after an order directing the private education of a handicapped child is made by the Family Court. While notice of the proceeding must be given to the Attorney-General and the commissioner (*Matter of Leitner,* 38 AD2d 554), their failure to participate in the proceedings does not eliminate the necessity of establishing compliance with the commissioner's regulations in order to obtain reimbursement. In *Matter of Michael B.* (73 Misc 2d 339, 342), relied upon by petitioners, the Family Court did state that the commissioner's "function is procedural and mechanical only after an order is made by this court", but, in that case, evidence of compliance with the commissioner's regula-

tions was annexed to the petition. This was not done in the instant case. Furthermore, we do not consider the words "if he approves such order", contained in section 4403 of the Education Law, as limiting the commissioner to the purely procedural and mechanical function of issuing the necessary certificate for reimbursement, neither do we consider the failure or refusal of the commissioner to approve a Family Court order as a collateral attack on such order. The Family Court, at the time this proceeding was commenced, had the unrestricted power and authority to order the county or other proper subdivision thereof to pay for the educational needs of a handicapped child, independent of any right of reimbursement from State funds. The commissioner determined that the private school attended by Seth Goldstein was not approved by the State Education Department for handicapped children, and that the Board of Cooperational Services had indicated that an appropriate educational facility existed within their educational system. The commissioner is empowered to make regulations by section 4402 of the Education Law relative to the education of handicapped children, and he having formulated regulations concerning the conditions on which Family Court orders would be approved, such regulations may not be disregarded. There being no evidence of compliance with the commissioner's regulations for enrollment in a private school not approved by the department and the commissioner having acted within the scope of his statutory authority, it cannot be said that the refusal of the commissioner to approve the Family Court order was arbitrary, capricious or illegal (*Matter of Jonathan L. v New York State Dept. of Educ.*, 38 NY2d 848). The judgment of Special Term should, therefore, be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.